(Decided February 18th, 1859.)

JOHN FOLCK and DANIEL FOLCK, *vs.* JAMES SMITH.

An attorney made an agreement with certain parties, by which he under-took to file a bill and obtain a decree for the sale of real estate in which they were interested, "with the understanding that he should be ap-

pointed trustee to make the sale," and to pay them *three-fourths of the commissions* to be allowed him by the court, therefor: *Held:*

That this contract was *nudum pactum*, and cannot be enforced against the attorney; the parties had no vested right to be trustees, nor any power of appointing a trustee, it being the province of the court to make such appointment.

APPEAL from the Circuit Court for Allegany county.

*Assumpsit* brought by the appellants against the appellee, to recover three-fourths of the commissions awarded to the defendant, as trustee for the sale of the real estate of John Folck, deceased. Plea *non-assumpsit*.

*Exception.* The agreement upon which the action was brought, and all the facts of the case are fully stated in the opinion of this court. The court below (PERRY, J.,) instructed the jury at the instance of the defendant, "that there is no sufficient consideration shown by the evidence in the case, to support such agreement," and refused a prayer of the plaintiffs, based upon the idea, that if the defendant's agreement was the consideration of the employment of the defendant by the plaintiffs as attorney and solicitor, about the personal estate, and in and about filing the bill and obtaining the decree for the sale of the real estate, then there is sufficient consideration for the agreement.

To this ruling the plaintiffs excepted, and the verdict and judgment being against them, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*J. H. Gordon* for the appellants argued: that the contract is supported by a sufficient consideration, viz., the employment of the defendant by the plaintiffs as their attorney and solicitor. 1 *Comyn's Dig.*, 297, *note (d.)* 301, 303. 3 *Barn. & Ald.*, 611, *Lodge vs. Dicas.* 2 *Bing.*, 464, *Whitehead vs. Greetham.* 4 *Barn. & Cress.*, 345, *Dartnall vs. Howard.* 1 *Wash. Rep.*, 260, *Carr vs. Gooch.* 2 *Munf.*, 413, *Scott vs. Osborne.* 5 *Cranch.*, 142, *Violett vs. Patton.* The consideration is not against public policy. 1

*H. & G.*, 491, *Owings vs. Owings*. 8 *Md. Rep.*, 548, *Bassett & wife vs. Miller*. If there is a doubt whether a contract is against public policy, it is a good contract. *Byles on Bills*, 69. *Chitty on Cont.*, 7, 217. 2 *Bing.*, 242, *Richardson vs. Mellish*.

*George A. Pearre* for the appellee:

1st. This contract is void as against the policy of the law. The contract is to have a person appointed by a *judicial* tribunal as its agent, to be rewarded by the court for *his* skill, attention and fidelity, and to secure a part of that reward to a third person by a private agreement unknown to the court. The allowance of such contracts produces a corrupting influence. If it was based upon an agreement on the part of the plaintiffs, not to object to the appointment of the defendant as trustee, in consideration they were to get three-fourths of the commissions, if he was an improper person, then it was a fraud upon the court to keep silent for such a reason. If he were a proper person, and they agreed to recommend him, or were silent for the purpose of having the usual practice prevail in his appointment, or if they employed him as solicitor to file the bill, so that according to ordinary practice he might be appointed trustee, and either of these things were done by them, that they might get three-fourths of the commissions, then, so far as they were concerned, that is to the extent of their influence and action, it was a corrupt sale of the place and void as against public policy. 1 *H. Bl. Rep.*, 322, *Parsons vs. Thompson*. *Ibid.*, 327, *Garforth vs. Fearon*. *Chitty on Cont.*, 523. 8 *Term Rep.*, 89, *Blachford vs. Preston*. There is nothing in the contract to show, that the defendant's agreement to pay the plaintiffs three-fourths of the commissions, was, *in consideration* of their employing him as solicitor to file the bill and put him in the line of preferment as trustee; but even if it did appear, no action would lie upon such contract for procuring the appointment to, or for the sale or relinquishment of, a public office, concealed from the party having the right to appoint. *Chitty on Cont.*, 720, 723. Where two are applying for an office and one withdraws, and agrees

to give his influence to the other, in consideration that he is to get part of the fees, it is illegal. 4 *Comstock*, 449, *Gray vs. Hook*. Contracts must not be made, having a tendency or offering inducements to parties to corrupt or deceive any branch of the government. 7 *Md. Rep.*, 273, *Wildey vs. Collier & wife*.

2nd. But this contract is *nudum pactum*. The plaintiffs had no vested right to be trustees, and the appointment of Smith was no prejudice or loss to them in a legal sense, nor was it any damage to them, or any forbearance or suspension of a right on their part. 1 *H. & G.*, 487, *Owings vs. Owings. Powell on Cont.*, 344. No benefit resulted to Smith by the *act* of the plaintiffs. They had no power to appoint the trustee, and where the consideration of a promise made to a party is such, that he has no power in law to perform or cause to be performed the promise cannot be enforced. *Comyn on Cont.*, 27. 3 *Term Rep.*, 23, *Nerot vs. Wallace*. The employment of a party as attorney, is a sufficient consideration for a promise on his part faithfully to discharge his duty *as attorney*, and, even then, the employment must be for a fee or reward. But the employment of a party *as attorney*, is not a consideration for a promise to pay to the client three-fourths of the commissions earned as *trustee*. His employment as attorney and solicitor, is wholly foreign to his trusteeship and its proceeds.

BARTOL, J., delivered the opinion of this court.

This suit was brought by the appellants, to recover from the appellee *three-fourths* of the commissions, awarded to him as trustee for the sale of the real estate of John Folck deceased. The declaration contains only the common money counts, and an *insimul computassent;* and the defendant pleaded the general issue.

To support the action the plaintiff offered in evidence the following agreement, which was admitted to have been executed by the defendant:

"CUMBERLAND, *June* 14*th*, 1841.

"Messrs. Daniel and John Folck, have this day requested me to file a bill in Allegany county court as a court of equity, for

the sale of the real estate of their father, and I have agreed to do the same, and to obtain a decree for the sale of the same; with the understanding that I shall be appointed trustee to make said sale, with the further understanding and agreement, that after the sale is made, I will retain in my hands only one-fourth of the usual commissions allowed in such cases, and will pay over to the said John and Daniel Folck, the remaining three-fourths of the commissions awarded to me by Allegany county court, for making said sale. I further agree to attend to the business of the personal estate of John Folck, (deceased,) for the said Daniel and John Folck, as the administrators of said estate, without any additional charge, besides the one-fourth of the commissions arising from the sale of the real estate aforesaid.                     James Smith."

The proof in the cause and the admissions of the parties, show that the plaintiffs were the sons, and two of the heirs at law, of John Folck deceased, and were also the administrators of his personal estate.   The defendant was at the time a member of the bar of Allegany county court, and it was and had been for some time the practice of said court in passing a decree for the sale of real estate, to appoint the solicitor who filed the bill a trustee to make such sale; unless objection was made to the appointment of such solicitor, or some other person was recommended by those in interest.   It further appears, that the defendant filed the bill, conducted all the proceedings in the chancery cause, procured the decree for the sale of the land, and was by the decree appointed trustee to sell the same; that he sold the property under the decree, and was allowed for his commissions the sum of $634.20.   It appears also that he acted as attorney and solicitor for the plaintiffs, as administrators; and that he was not to receive, and did not receive, any compensation from the plaintiffs, or from any other person, for any of his services, other than is provided in the said agreement of the 14th June 1841.

Upon this state of facts, the plaintiffs and defendant each offered a prayer to the circuit court, the latter was granted and the former refused; and the verdict and judgment being in

12    v. 13.

favor of the defendant, this appeal was prosecuted by the plaintiffs.

The defendants' prayer, which was granted by the circuit court, asserted the proposition, "that there was no sufficient consideration, shown by the evidence in the case, to support the agreement," and in this ruling we entirely concur:

The claim of the appellants is to recover three-fourths of the amount awarded to the defendant, for his commissions as trustee under the decree in chancery; and the only consideration in support of the contract, which was relied on by the appellants in the argument, is the employment of the defendant by the plaintiffs, as their attorney and solicitor; and it has been argued that this is a sufficient consideration, upon the principle recognized in a class of decisions of which *Coggs vs. Bernard* is the leading case. That principle is succinctly stated by Smith, in his notes to *Coggs vs. Bernard*, to be, that "the confidence induced by undertaking any service for another, is a sufficient legal consideration to create a duty in the performance of it." (1 *Smith's Leading Cases*, 96, *note.*)

. The answer to this argument is, that here the suit is not brought to recover for any neglect or malfeasance by the defendant, in the discharge of his duty as solicitor; but to recover from him a sum of money, which, it is alleged, he agreed to pay the plaintiffs, in consideration for the plaintiffs having engaged him, without fee or compensation, to undertake a service for them. It is sufficient to state the proposition, to demonstrate that such a contract is *nudum pactum*. But, in the construction which we put upon this contract, it is clear that the real and only consideration stated therein, for the agreement of the defendant to pay the plaintiffs' three-fourths of the commissions, was "the understanding," that he should be appointed trustee for the sale of the land. It is unnecessary for this court to consider the objection to enforcing such a contract on the ground of public policy, which was urged by the appellee; because, we are of opinion, that the other objection, based on the want of consideration, is fatal to the claim of the appellants. They had no vested right to be trustees, nor any power of appointing a trustee, such appointment being

made by the court. And as the appointment of Smith was no damage to them, or forbearance or suspension of any right which they had, there is no consideration whatever for the support of the contract, and it cannot be enforced.

*Judgment affirmed.*

(Decided February 24th, 1859.)