The opinion of the court was delivered by
Valentine, J.:
This was an action brought before a justice of the peace of Smith county, by David Dodge, against James A. Oatis, to recover the sum of $25 upon a certain promissory note. The defense was: First, fraud in procuring the note; second, failure of consideration; third, a contemporaneous verbal agreement máking the note invalid upon certain conditions, which conditions had been fulfilled. The case was tried before a justice of the peace and a jury, and the *763 defendant was allowed to introduce a portion of his evidence, tending to prove his defenses, without objection; but afterward, on motion of the plaintiff, the justice struck out all of such evidence, and refused to permit the defendant to introduce any other evidence of like character, and instructed the jury not to consider any such evidence. The jury found- a verdict in favor of the plaintiff and against the defendant, and judgment was rendered accordingly. The defendant then took the case to the district court, upon petition in error, where the judgment of the justice of the peace was reversed, and the case set for trial in the district court at the next term thereof. The plaintiff, Oatis, duly excepted, and now brings the case to this court.
We think the judgment of the district court is correct. According to the evidence which the defendant introduced and offered to introduce, the only consideration for the note was a promise and agreement by Oatis, who was an attorney at law, practicing before the United States land office at Kirwin, in the district in which the defendant’s homestead claim was situated, that he would procure the final papers from the United States land office, showing the defendant’s complete and final right to his homestead, by July 1,1879; and the evidence further tended to show that this promise on the part of Oatis was never fulfilled.
Now this evidence certainly tended to show a failure of consideration for the'note; and it does not tend to contradict or vary any of the terms or conditions contained in the note. A total or partial failure of consideration of a contract, whether the contract is in writing or not, may always be shown, (Comp. Laws of 1879, p. 209, § 8;) and á contemporaneous verbal agreement, which does not contradict or vary the terms of the written contract, may also be shown. (Weeks v. Medler, 20 Kas. 57; Babcock v. Deford, 14 Kas. 408.)
Evidently the justice of the peace erred; and evidently, as we think, the decision of the district court is correct; and therefore the judgment of the district court will be affirmed.
All the Justices concurring.