The State, *ex rel.* Pettijohn, Auditor, *v.* Illyes.

---

No. 10,153.

THE STATE, EX REL. PETTIJOHN, AUDITOR, *v.* ILLYES.    | 87 405 | | 150 221 |

TAXES.—*Omitted Property.*—*Promise.*—Taxes can not be imposed or collected save in the mode prescribed by law, and an express promise to pay taxes on property which has escaped taxation, which taxes have never been placed on the tax duplicate, is void.

SAME.—*Promissory Note.*—*Consideration.*—*Public Policy.*—The employment of agents unknown to the law to discover and collect taxes on property which has escaped assessment is contrary to public policy ; and a note given for the payment of such taxes, never placed upon the duplicate, is without a valid consideration.

From the Superior Court of Marion County.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.

*R. Graham, A. L. Roache* and *E. H. Lamme,* for appellee.

BLACK, C.—The appellant sued the appellee in the Hamilton Circuit Court, whence the venue was changed to the Marion Superior Court.

The complaint was in three paragraphs. In the first the appellant, complaining for the use and benefit of said county of Hamilton, declared upon a promissory note made by the appellee, alleging that it was given for unpaid taxes on property theretofore owned by one George Illyes, deceased, which he had failed and omitted to list for taxation, the appellee and his sister named being the only heirs-at-law of said decedent. The following is a copy of said note :

" $600.00.     NOBLESVILLE, INDIANA, Aug. 23d, 1879.

" On or before the 1st day of March, 1880, I promise to pay

to the treasurer of Hamilton county, Indiana, the sum of six hundred dollars, payable at the Citizens Bank of Noblesville, Ind., for value received, without relief from valuation or appraisement laws, without interest; this note being for taxes due from the estate of George Illyes on property omitted to be returned by said George Illyes during his lifetime, for the years 1873 to 1878, inclusive, as reported by Wainwright and Hall to the auditor of Hamilton county; the above to be in full for one-half of the amount due for taxes so omitted.

　　　　　　　　　　　　　"P. P. ILLYES, Adm'r."

The second paragraph was like the first, except that the note therein declared upon, also for $600, was payable on or before November 10th, 1880. In the third paragraph it was alleged that in the year 1878 one George Illyes died at said county, the owner of personal and real estate, of the value of $65,000, situated in said county and liable to taxation therein, leaving as his sole heirs entitled thereto the appellee and his said sister; that, upon the death of said George, the appellee was duly appointed and became the acting administrator of said estate; that, on the 5th of March, 1879, Messrs. Wainwright and Hall, of said county, were duly appointed, by order of the board of commissioners of said county, agents for said county to discover and furnish proofs of property liable to taxation in said county and omitted from the tax duplicates thereof, which the owners thereof had failed and omitted to list for taxation; that, in pursuance of said appointment and authority, said Wainwright and Hall discovered, as they alleged, that said George Illyes, in his lifetime, had failed and omitted to list for taxation property owned by him, liable to taxation in said county, to a large amount, the taxes whereon, as they alleged, amounted to $1,600, which sum was due to said county as and for unpaid taxes as aforesaid; that the appellee disputed that said sum was the correct amount due as aforesaid; that thereupon the appellee and said Wainwright and Hall compromised said matter of difference between them

The State, *ex rel.* Pettijohn, Auditor, *v.* Illyes.

upon $1,200, as and for the amount due and owing to said county on account of taxes on said property which said decedent had failed and omitted to list for taxation in his lifetime; that, at the date of said settlement, the appellee, as such administrator, was about ready to settle said estate at the September term of the Hamilton Circuit Court, but had not the money to pay said claim; that he then requested said Wainwright and Hall to accept his notes for such sum, and give him a receipt therefor, to enable him to make his said settlement; that said Wainwright and Hall consented to said arrangement, and thereupon the appellee executed his two several notes, each for the one-half of said sum. Copies of said notes are made parts of this paragraph, being the exhibits of the first and second paragraphs. It is further alleged that said notes were thus executed by the appellee and delivered to said Wainwright and Hall for said county, and said Wainwright and Hall gave him a receipt therefor as for so much money paid by him as administrator, at his request, to enable him to make his said settlement; that no part of said notes, or either of them, was paid, and the same remained due and wholly unpaid; that, in said month of August, 1879, the appellee, as such administrator, filed in the Hamilton Circuit Court his final report in the matter of said estate, wherein, among other things, he claimed credit for said sum of $1,200 therein alleged to have been paid to said county of Hamilton, and at the September term, 1879, of said court, said report was, by the judge thereof, in all things approved and confirmed; that no part of said property omitted from the duplicate, as aforesaid, prior to the taking of said notes, had ever been listed upon the tax duplicate of said county for taxation or collection, nor was any part thereof on said duplicate at the date of the execution of said notes, and said treasurer was not in any way or manner charged with the collection of any portion of said taxes, and, while said notes purport on their faces to be payable to the treasurer, they were not executed

or delivered to him, but they were delivered as aforesaid by the appellee to said Wainwright and Hall, for said county; that said board of commissioners afterward, and before the commencement of this suit, ratified and confirmed said action of said Wainwright and Hall, by ordering suit to be instituted on said notes by said auditor, which order was made by said board when in regular session. Wherefore, etc.

The appellee demurred to the complaint, assigning as grounds of demurrer that the plaintiff had not legal capacity to sue, and that the complaint did not state facts sufficient. The court below, in special term, sustained the demurrer, and this decision was affirmed in general term.

The power of taxation is a sovereign power, exercised in this country through the legislative department. Whatever mode may be prescribed for the enforcement of payment of taxes, it is a prerequisite that the taxes first be assessed. The Legislature is required to provide by law for a uniform and equal rate of assessment and taxation, and to prescribe such regulations as shall secure a just valuation for taxation of all property, except certain classes which may be exempted. Const., art. 10, sec. 1. And the Legislature has provided that "all taxes for the support of the government of the State shall be assessed on polls and on property listed and valued in an equal and ratable proportion, (except such stocks or other property as may be specifically taxed)." 1 R. S. 1876, p. 72; R. S. 1881, sec. 6269. If, in the periodical assessments prescribed by statute, there be omissions, provision is made for correction, whereby the omitted persons and property may be placed upon the duplicate. By section 260 of the act of December 21st, 1872 (1 R. S. 1876, p. 130), it was provided as follows: "If any real or personal property shall be omitted in the assessment of any year, or number of years, or the tax thereon, for which such property was liable, from any cause has not been paid, * * the same, when discovered, shall be listed and assessed by the assessor and placed on the assessment and tax books. The arrearages of tax which might

The State, *ex rel.* Pettijohn, Auditor, *v.* Illyes.

have been assessed, with ten per cent. interest thereon from the time the same ought to have been paid, shall be charged against such property by the county auditor."

Executive and ministerial officers can levy and collect taxes only in the manner prescribed by law; they must keep strictly within the authority of the tax laws, and "they can not add to or vary, in the slightest degree, any tax lawfully levied." Cooley Tax. 33.

For the collection of taxes, if methods are prescribed by statute, they are to be resorted to. The remedy is usually summary; that by suit may be prescribed, but if it be not, and other specific and adequate remedies are expressly given, they must be strictly pursued.

It does not appear that any method for the assessment and collection of taxes prescribed by law has been pursued in this case. The property has not been listed or assessed, or placed upon any tax book. No credit has been given for the taxes, and they remain unpaid. This is an attempt to collect taxes by a suit based upon a written promise to the tax collector of one who is an heir-at-law of a deceased delinquent owner of property to pay a certain sum for taxes on such property, the steps necessary for the imposition of a definite liability, upon any person or property for the payment of any specific sum as taxes on such property, never having been taken. The method pursued was a departure from the plain directions of the statute, and was contrary to public policy, and the notes sued on were without a valid consideration. A fuller discussion of the questions involved seems unnecessary.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellant.