## SNYDER v. KURTZ ET AL.

1. **Practice:** QUESTION OF LAW: DUTY OF COURT. Where all the evidence concerning the assignment of a patent right was in writing and uncontradicted, it was the duty of the court to determine the validity of such assignment, and it was error to submit such question to the jury.

2. ————: INSTRUCTIONS: MUST BE FOUNDED ON EVIDENCE. An instruction which submits to the jury considerations, for the determination of which there is no evidence, is erroneous.

3. **Promissory Note:** GIVEN FOR PATENT RIGHT: FAILURE OF CONSIDERATION. In an action upon a promissory note given for the assignment of a patent right, plaintiff cannot recover, if in fact the pretended assignment did not vest any right in the defendants, and in such case it is immaterial that plaintiff intended to make a valid assignment, or that defendants have been unmolested in the use of the right.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 3.

ACTION ON A PROMISSORY NOTE. The defendants pleaded that the note was given in consideration of the assignment of a certain patent right for a fanning mill, with the right to

manufacture and sell such mill in certain named territory in the state of Iowa. It was further pleaded that the plaintiff agreed to furnish defendants with certain patterns to enable them to make the mills, and that plaintiff, or his agent, promised and agreed to assist defendants in putting one mill together, and to give them instructions in relation thereto. That plaintiff failed to comply with the contract on his part, and therefore the consideration for the note had failed. Trial by jury, and judgment for defendants. The plaintiff appeals.

*H. W. Maxwell* and *D. F. Witter*, for appellant.

*Bowen & Leavens*, for appellees.

SEEVERS, J.—I. The evidence as to the existence of the patent and the assignments thereof was all in writing, and

1. PRACTICE: question of law: duty of court.

there could not have been any controversy as to what was established thereby. The patent was issued on the twenty-fifth day of December, 1877, to John W. Johnson, Charles W. Manvill and Edwin E. Buffington. The assignment to the principal defendant recited that Geo. W. Snyder had "purchased an undivided interest" thereof "in the state of Iowa," and it contained the following language: "Now, therefore, * * we, the said J. W. Johnson, C. W. Manvill and E. E. Buffington, for and in consideration, etc., * * do sell and set over to John Kurtz * * the full and exclusive right to make, use, and vend to others to use" the mill named in the patent, in the territory therein described. The assignment described the letters patent to have been issued and as bearing date April 18, 1878, and the defendants claim it was executed by J. W. Johnson, E. E. Buffington, C. W. Manvill and Geo. W. Snyder, "per J. W. Johnson, attorney."

There was introduced in evidence what purported to be an assignment of one-half of the patent to G. W. Snyder, for the state of Iowa. This assignment purported to be executed by "J. W. Johnson, E. E. Buffington and C. W. Manvill, per

Buffington." There was also introduced in evidence a power of attorney to J. W. Johnson, purporting to constitute him the attorney of Buffington and Manvill. It was signed as follows: " E. E. Buffington, C. W. Manvill, per Buffington." To it was attached the certificate of a notary public certifying that " E. E. Buffington and C. W. Manvill, per E. E. Buffington" appeared before the notary and acknowledged that they had signed and executed the power of attorney. Such being the undisputed evidence, it was for the court to determine whether the assignment of the patent had been so executed as to vest in the principal defendant the legal title thereto for the territory contracted for. Instead of so doing, the court submitted to the jury for their determination the question whether the assignment "was properly executed." In so doing, we think the court erred. The appellant contends that all the owners of the patent signed their names to the assignment, and that it was witnessed by " J. W. Johnson, att'y." If there was evidence so tending, a point we do not determine, this question of fact should have been submitted to the jury. The legal question, if the jury so found, was for the court to determine.

II.    There was evidence tending to show that the plaintiff, or his authorized agent, contracted to furnish certain pat-

2. ——: in-  terns, so as to enable the defendants to construct
struction :
must be    mills, and that he agreed to aid them in construct-
founded on
evidence.   ing one mill; and there was evidence tending to
show that the plaintiff failed in both the foregoing particulars to perform his contract.

The plaintiff asked the court to instruct the jury that if there was a partial failure of the consideration only the defendant could not defeat a recovery for the whole amount of the note, because "there was no evidence introduced to show what would have been the reasonable value of the services of a mechanic in putting up or helping to put up one of said mills." This instruction was asked on the theory that the assignment was sufficient, and the patterns furnished, but that

the jury might find that the plaintiff had failed to assist defendant in putting up one mill as he had contracted to do.

This instruction was refused, and the court instructed the jury: "If there was an assignment, and it would be valueless without the patterns or assistance, and they could not be got elsewhere, then that would be a total failure of consideration. But if the assignment was made, and was valuable without patterns or assistance, or if the patterns or assistance might have been procured elsewhere, then a failure to furnish patterns or assistance will only affect the consideration of the note to the amount the proof shows it would have cost defendants to have procured the patterns or assistance to be furnished." Upon the supposition that the assignment was valuable without the patterns or assistance, then the latter part of the instruction given is erroneous, because there was no evidence tending to show what it would have cost defendants to procure the patterns or assistance elsewhere.

III.   The fifth paragraph of the charge is erroneous, because it submits the question of the validity of the assignment to the jury.   As before said, this should have been determined by the court.

IV.   The plaintiff asked the court to instruct the jury that if Buffington and Manvill, in making the power of attorney to Johnson, intended to give him authority to sell and transfer the patent, and if Johnson and the plaintiff intended to transfer the patent to the principal defendant by the assignment, this would be sufficient, notwithstanding the irregularities that appear therein.   We think this instruction was properly refused.

3. PROMIS-
SORY note:
given for
patent right:
failure of con-
sideration.

The question was not one of intention, but what did the plaintiff contract to do.   He either contracted to assign the patent or he did not.   If he failed to do what he contracted to do in this respect, he cannot recover, no matter what his intention may have been.

V.   The plaintiff asked the court to instruct the jury that

if the principal defendant took possession of the assignment SAME. and availed himself of its benefits, and has never offered to return or surrender the same, and has never been disturbed in his use of the same, he cannot now plead or avail himself of the said irregularities and failures which he claims. This instruction was properly refused, because the question is whether the plaintiff got what he contracted for. The foregoing instruction is based on the thought that he did not get what he contracted for, because of mere irregularities which in no manner affected the substance of the thing which the defendants were entitled to under the contract. Now, as we have said, it was for the court to determine whether the assignment was valid or not, and whether the defendants were thereby invested with the legal title to the patent. If they were, then on this branch of the case the plaintiff was entitled to recover.

REVERSED.