(Decided 26th March, 1884.)

THOMAS A. HOPKINS *vs.* EDWARD OTIS HINKLEY, and HEINRICH C. TIECK.

*Contract—Want of Consideration—Agreement between Counsel to divide Trustees' and Receivers' Commissions.*

A. B., a widower with two sons, August and Adolph, made a will devising all his property to said sons. He afterwards married the second time and died. After his death another child, Bernard, was born to him of said second marriage. T. A. H., as next friend of the infant child Bernard, filed a caveat to the will, and while the caveat was pending, it was agreed between E. O. H. and H. C. T., as counsel respectively, for August and Adolph, and said T. A. H., who was also an attorney, that the latter should unite with E. O. H. and H. C. T. in some proceedings in a Court of Equity, to take the property left by the testator out of the hands of the two sons August and Adolph, and convert it into money, and save it for the creditors and all concerned; that they, E. O. H. and H. C. T., would attend to the case, and keep it going until it was finished up; that a bill would be prepared so as to completely protect T. A. H's client; that E. O. H. and H. C. T. would be the trustees and receivers, and that T. A. H. should have a sum equal to one-third of the commissions that should be derived from the case. Under the proceedings instituted in pursuance of this agreement, H. C. T., S., and J. T. M., (the latter a partner of E. O. H.,) were appointed trustees and receivers. In an action by T. A. H. upon said agreement against E. O. H. and H. C. T., to recover one-third of the trustees' and receivers' commissions allowed in said equity case, it was HELD:

That there was no consideration to support the contract sued on, and the plaintiff acquired no rights by it, which he could enforce at law.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of ·the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Isidor Rayner,* for the appellant.

*C. A. E. Spamer, Arthur W. Machen,* and *Richard Grason,* for the appellees.

IRVING, J., delivered the opinion of the Court.

The appellant sued the appellees, and declared in the six money counts; and in a seventh count set up a special verbal agreement between plaintiff and defendants, which is as follows: "that if he as the next friend of Bernard August Adolph Beck would unite with them in a proceeding in Baltimore County Court for the purpose of effecting a sale of certain property belonging to the estate of August Beck, deceased, and would perform all the services on his part that were necessary for the purpose of bringing about said sale, that they would pay him a sum equal to one-third of such commissions as might be allowed by said Court in said proceeding," &c. The bill of particulars is "for professional services as attorney, rendered in the case of *Beck vs. Beck,* in the Circuit Court for Baltimore County, and for uniting in the sale of certain property in said cause, as next friend of Bernhard August Adolph Beck, as per verbal agreement made between the said Hopkins of the one part and said Hinkley and Tieck of the other—$1562.62."

At the trial of the cause all the plaintiff's testimony was taken subject to exception, and at its close, defendants offered a prayer, that all the testimony, so received, should be excluded, and that the jury be instructed, that there was no legally sufficient evidence in support of the issues, and that their verdict should be for the defendants. This instruction was given, and verdict and judgment being against the plaintiff, he appealed.

The facts, relied on by the appellant, are as follows: August Beck, being a widower, with two sons, August Beck and Adolph Beck, made a will in September, 1878, by which he divided his property to these sons. In October of the same year he married again, after making an ante-nuptial agreement with, and settlement upon his wife. In September, 1879, the testator died leaving his will unrevoked, which was duly proved, and administration on the estate was granted. In March, 1880, the plaintif in this case, as next friend of Bernard August Adolph Beck, of the kingdom of Wurtemburg, filed a petition or caveat in the Orphans' Court of Baltimore County, alleging that petitioner was a son of the testator by the second marriage, and was born in November, 1879, after his father's death, and that the marriage and birth of the petitioner had operated to revoke the will, which had been probated. The petition prayed that the will's probate should be set aside and that the letters testamentary should be revoked. Pending this proceeding in the Orphans' Court, Mr. Hinkley, counsel for August Beck, and Mr. Tieck, counsel for Adolph Beck, had determined to take chancery proceedings for the appointment of receivers and sale of the property. The property was a brewery, of which August and Adolph, as devisees, had taken possession as partners by directions of the will.

The sons were creditors of the concern as well as devisees. Just before the bill was filed, the appellant testifies, that he was invited into Mr. Hinkley's office by

Mr. Tieck, where he was told by Mr. Hinkley, that he, as counsel for one of the sons, and Mr. Tieck, as counsel for another son of the testator, had concluded it was best, as the property was wasting, to take the property out of the hands of the sons, and sell it, and convert it into money, and save it for the creditors and all concerned. It was then and there proposed, that the plaintiff should unite with Mr. Hinkley and Mr. Tieck in some proceedings, in a Court of equity, to accomplish these objects; that they, Messrs. Hinkley and Tieck, would *attend* to it, and keep it going until it was finished up :—that a bill would be prepared so as to completely protect plaintiff's client; that Mr. Hinkley and Mr. Tieck would be the trustees and receivers, and that the plaintiff should be paid a sum equal to one-third of the commissions, that should be derived from the case ; that plaintiff agreed to the proposition, and they agreed on a commission in the *caveat* case, and letters rogatory ; and that a commission in that case was sent to Germany to prove the birth of the child whom he represented. A bill in equity was prepared by Mr. Hinkley, which was submitted to plaintiff for his approval. That bill was filed in the name of Adolph Beck, and Bernard Beck by the plaintiff as his next friend; and August Beck, the client of Mr. Tieck, was made defendant. This bill alleged all facts contended for by the respective parties, but put the plaintiff Hopkins, and his ward, Bernard, to the proof of his right in the estate as a son of the testator,—that not being admitted. The bill set out the partnership in the brewery business, of Adolph and August, after their father's death, the father's indebtedness and the necessity for a sale of the property, and appointment of receiver or receivers to take charge of it. The prayer was for the sale by a trustee and the appointment of receivers. The bill was approved by this plaintiff. It was filed; receivers were appointed, and so also were trustees to make the sale. The Court appointed

the same persons as trustees, and as receivers, viz., John
T. Morris, a partner of Mr. Hinkley, Mr. Tieck and Mr.
Slingluff. This the plaintiff testifies was "a departure
from the agreement;" for the understanding and agree-
ment was that Messrs. Hinkley and Tieck were to be the
trustees. He further states, that it soon became apparent,
that the estate would be consumed in debts, and nothing
would be left for Bernard, consequently nothing was
ever done in the matter of the commission to prove the birth
of Bernard and his right as a child of the testator, born
after the will was made. He says, that on May 7th, 1881,
Mr. Tieck handed him a check for one hundred dollars,
and a receipt which he signed without reading it, which
states it is "for the fee for his services in the matter of
*Beck vs. Beck,*"—that not a word was then said about com-
missions; he thought it a fee for participation in the bill,
and did not think it necessary to look at it. Subsequently
he called for his part of the commissions and was refused
payment.

The plaintiff rests his claim on the fact, that the defend-
ants agreed to pay him the one-third of the commissions,
in consideration of his uniting, as next friend of the infant
Bernard, in the proceedings to secure a sale of the prop-
erty, and because the Court below refused him recovery,
he has appealed. The appellees contend, that on his own
testimony, the appellant is relying upon a contract which
is null, and cannot be enforced, if it was made as he charges.
They insist it is not only *nudum pactum,* for want of con-
sideration, but also because it is contrary to public policy.
We find no occasion to consider the question whether such
a contract is obnoxious to the last mentioned objection in
any of the aspects in which it has been so ably discussed,
in the light of the numerous authorities on the subject;
for we think the case falls entirely within the principle of
*Folck, et al. vs. Smith,* 13 *Md.,* 85, and must be controlled
by it. If there was no consideration to support the con-

tract in that case, there certainly was no consideration in this. In the case of *Folck, et al. vs. Smith,* two of the heirs and parties entitled to a share of the real estate, who were administrators of the personal estate, employed an attorney to counsel them as administrators, and to file a bill for the sale of the real estate, with the understanding that he was to have one-fourth of the commissions allowed him as trustee, and to give them the remaining three-fourths.

The Court held there was no consideration, for they had no vested right to the trusteeship to transfer; the Court having the whole power of selecting the trustee; and not-withstanding they did give the attorney the business as they could have refrained from doing and given it to somebody else, there was no enforceable contract in the agreement, that they were to have, in consideration of the business entrusted to him, three-fourths of the commissions awarded him. In this case the defendants are counsel for two of the heirs, and they are sued, according to the bill of particulars, for professional services rendered *them,* and the measure of compensation was to be one-third of the compensation awarded them as trustees. They had no vested right to be made trustees, and in fact, were not made trustees by the Court. One only of the parties was made a trustee, and two other persons were appointed by the Court in the place of Mr. Hinkley, whom the contract set up contemplated should be appointed. On the other hand there does not appear to have been any consideration for the undertaking of Messrs. Hinkley and Tieck, assuming it was made, to pay a stipulated sum, which sum was to be measured by such proportion of the allowance to the appellees as trustees, for Mr. Hopkins was to render no service, and did render none. The appellees were to do all that was to be done, but to do it in such way as to protect his client. His client's name, an infant for whom he assumed to be next

friend, and his own, as next friend, were used in the bill as co-complainants, with one of the other heirs; but no rights were surrendered; on the contrary the infant was, by express terms, put to the proof of his asserted interest, and was not admitted to have any to surrender. In no aspect, that we can look at it, do we find anything to distinguish this case from the case of *Folck, et al. vs. Smith.* Whatever rights the agreement set up, may have given the appellant, according to the courtesies of the profession, he acquired none by it which he can enforce at law. The ruling of the Court was right, and the judgment will be affirmed.

*Judgment affirmed.*

(Decided 26th March, 1884.)

