## WEAVER et al. v. BASHORE.

No. 12302—Opinion Filed Dec. 11, 1923.

Rehearing Denied Feb. 19, 1924.

**1. Crops—Ownership in Grantee in Deed—Replevin by Stranger.**

The court instructed the jury that "If you find that a parol agreement was made between the grantors and grantees of said deed, or of said purchase of said land, that the purchaser thereof should have the crops and the same were reserved to the grantees from said premises, and as a part of the consideration of said conveyance, then you should find for the plaintiff." Held, such instruction constitutes reversible error where the uncontroverted evidence discloses plaintiff is neither purchaser nor grantee nor assignee of same.

**2. Contracts—Failure of Consideration.**

Where W. contracts to deliver personal property to B. upon consideration of B. paying certain costs and expenses to have an estate wound up and the administrator discharged, and the evidence discloses that said costs and expenses were charged to and paid out of the estate, and not paid by B., the consideration having wholly failed, no recovery can be had by B.

**3. Same—Replevin—Insufficiency of Evidence.**

Evidence examined, and held, there was no theory advanced by plaintiff entitling him to judgment.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by Gus Bashore against Inez and Dave Weaver. Judgment for plaintiff, and defendants appeal. Reversed, with directions.

Kornegay & Probasco, for plaintiff in error.

W. B. Thompson and J. W. Bashore, for defendant in error.

Opinion by RUTH, C. This was an action in replevin filed in the district court of Craig county, wherein the defendant in error, plaintiff below, sought to recover possession of a certain number of bushels of oats from the plaintiffs in error, defendant below; the oats representing one-third of the crop of oats raised on 80 acres of land theretofore owned by Inez Weaver. For convenience the

parties hereto will be designated as they appeared in the court below.

From the evidence, it appears that Inez Weaver was the owner in fee simple of 80 acres of land in Craig county and had a one-fourth interest in another 80 acres as heir of an intestate deceased. On December 22, 1917, Gus Bashore secured an option on Inez Weaver's 80 acres and her one-fourth interest in the inherited lands at a price of $32.50 per acre, for which option he did not give any valuable consideration. This option was signed by C. C. Lemaster, who it appears was administrator of the deceased from whom Inez Weaver inherited, and was signed by Dave Weaver, but not by Inez, the owner of the lands. On March 12, 1918, Inez and Dave Weaver executed a warranty deed to Anton Furhman and Mathias Furhman in consideration of $5,000, conveying the 80 acres owned by Inez Weaver, and on the same date, Dave Weaver, together with Anton and Mathias Fuhrman, executed a contract, placing said deed in escrow in the First State Bank, the deed to be delivered to the Furhmans when the sum of $2,600 was paid to Dave Weaver. Bashore explains the consideration of $5,000 in the deed by saying that price would look better to his eastern investors, but he further testifies that on the date of the execution of the deed and escrow agreement, he, Bashore, had already sold the Inez Weaver 80 and the inherited 80 to the Furhmans for $50 per acre, or a total of $8,000, and the Furhmans had deposited this sum in the bank on the same date the deed and escrow agreement were deposited.

The evidence discloses the Weavers made efforts to get their $2,600 from Bashore, and did receive two or three advances of $100 each from Bashore, notwithstanding Bashore had on deposit at all times since March 12, 1918, the $2,600 necessary to pay Inez and Dave Weaver for the 80 held in fee simple, and when asked why he didn't pay this money to the Weavers, he replied, "Well, because I didn't want to", and subsequently he states that he wanted to close the deal for the 160 all at one time, notwithstanding the escrow deed and agreement had no connection with and did not mention the Weavers' interest in the inherited 80 acres.

The Inez Weaver 80 acres had been leased on a crop rental basis, and a crop of oats and corn were in the ground. On July 1, 1918, the oat crop was severed from the land, leaving the corn still growing, and on July 11th, after the oats were severed, plaintiff closed the deal. The defendant did not claim the growing corn crop, but did claim her rental share of the severed oat crop. The plaintiff tried his case, apparently, upon three different theories, first, that under the option contract of December, 1917, he was entitled to the crops, but it appears from the copy, the same had been altered by the plaintiff by interlineation of the words "Possession, Jan. 1st, 1918, buyer gets crop rentals." Plaintiff explains this by saying that was simply a "notation" for the benefit of the office force, but the fact remains, plaintiff did not so inform the Weavers when they received it as a true and correct copy. This material alteration being admitted to have been made after the execution of the contract and without the knowledge or consent of the defendants, the ground was advanced that:

"Where a deed is silent and makes no specific reservation of crops, the crops become the property of the grantee."

Under either theory Bashore could not recover, for the reason, that the altered contract read "buyer to get crop rentals", and Bashore was never the buyer; never paid one dollar for the option, and if it were determined in this case that without any specific reservation in the deed "the grantee was entitled to crops," in that event the Fuhrmans, being the only grantees from Weavers, would have been entitled thereto, as the plaintiff was merely the selling agent, who had the privilege of purchasing or effecting a sale to another for $32.50 per acre.

Second, the plaintiff then claimed the oat crop under an oral agreement with Dave Weaver. It appeared the Crockett 80 was in process of administration, and plaintiff testifies that Dave Weaver orally agreed to let plaintiff have the oats if plaintiff would have the administration terminated and pay the costs thereof. Upon this theory the plaintiff could not recover for the following reasons:

(a) If the crops were the "grantees'" under a deed "with reservation", neither Inez nor Dave Weaver had any power to contract with reference thereto with Bashore.

(b) If the severed crops were personalty, and did not pass with the deed, they were the property of Inez Weaver, and there is no evidence that she ever consented to the oral contract, or that Dave was her agent for the disposal of her personal property.

(c) The uncontradicted testimony of Lemaster, administrator of the Crockett estate, discloses that all costs of discharging the administrator and winding up the estate

were charged to and paid out of the estate, and if plaintiff had contracted for the oats, with the owner or agent, and the consideration for such contract was that plaintiff was to pay certain costs in an adminstration proceeding and plaintiff failed to pay such costs, the consideration wholly failed, and plaintiff was precluded from recovering.

In 9 Cyc. 369, it is held:

"Failure of consideration is in fact simply want of consideration. Nevertheless it is laid down in a number of cases that when the consideration for a promise wholly fails, the promise is without consideration and unenforceable. But this must mean that in a contract with an executory consideration the execution of the consideration is a consideration precedent to the liability on the promise, and the failure to execute the consideration discharges the promisor." Sorrells v. McHenry, 38 Ark. 127; Powell v. Subers, 67 Ga. 448; Morrow v. Hanson, 9 Ga. 398· Jones v. Buffman, 50 Ill. 277; State v.Illyes, 87 Ind. 405; Jones v. Hathaway, 77 Ind. 14; Jeffries v. Lamb, 73 Ind. 202; Thompson v. Wheeler, etc., Mfg. Co., 29 Kan. 476; Dodge v. Oates, 27 Kan. 762; Snyder v. Kurtz, 61 Iowa, 593; Hopkins v. Hinkley, 61 Md. 584."

Several instructions were given by the court and exceptions reserved by the defendants, and it is not necessary to set them out at length, as they were to the effect that "if the jury finds that a parol agreement was made between the grantors and grantees, that the purchaser should have the crops and that the same were reserved to the grantees, the jury should find for the plaintiff."

These instructions were erroneous and of themselves constitute reversible error, for the reason that the plaintiff never was the grantee or purchaser, the Furhmans having deposited the purchase money the same day the deed was executed and were the grantees and purchasers named therein and under no theory advanced under the evidence in this case could the plaintiff recover, and the judgment in this case should be reversed with instructions to the trial court to enter judgment for the plaintiffs in error, defendants below.

By the Court: It is so ordered.