# DIXON *v.* GREAT FALLS & OLD DOMINION RAILWAY COMPANY.

# DIXON *v.* GREAT FALLS & OLD DOMINION RAILWAY COMPANY.*

---

TRIAL; APPEAL AND ERROR; INSTRUCTIONS TO JURY; EVIDENCE; VARIANCE; WITNESSES; CROSS-EXAMINATION; RAILROADS; NEGLIGENCE; BURDEN OF PROOF; MAPS; MOTION TO PRODUCE; OBJECTIONS AND EXCEPTIONS.

1. It is not error for the trial court to refuse requested prayers for instructions to the jury, where all that is properly contained in them is covered by the instructions granted. (Following *Columbia Heights Realty Co.* v. *Macfarland,* 31 App. D. C. 112; *Cooper* v. *Sillers,* 30 App. D. C. 567; and *Sullivan* v. *Capital Traction Co.* 34 App. D. C. 358.)

2. It is not error for the trial court to refuse to permit evidence to be offered to prove a conceded fact.

3. Where an action by a passenger to recover damages from a railroad company is based upon the theory that the plaintiff was injured by being shoved or pushed from the defendant's platform by a crowd seeking, like herself, to board a car of the defendant, and that the de-

---

*\*Carriers—Injury to Passenger by Crowd.*—As to the liability of a carrier for personal injury to a passenger by crowd at station or stopping place, see note in 32 L.R.A.(N.S.) 470.

fendant did not furnish a sufficient number of competent employees to control the crowd, it is not prejudicial error for the trial court to instruct the jury that they cannot find that the plaintiff's injury was the result of the defendant's failing to properly light up the platform,—especially where there is little or no contradiction of the testimony of a large number of witnesses that the place was well lighted, and no reasonable ground for a difference of opinion on that subject can exist.

4. Where the plaintiff's case in an action against a railroad company is based upon the alleged negligence of the defendant in not furnishing employees to control persons crowding on the defendant's station platform between trains, whereby the plaintiff was shoved from the platform and injured, it is not error for the trial court to refuse to allow the plaintiff to cross-examine certain of defendant's employees as to their instructions from the defendant company not to permit crowding upon the platform, where such employees were not on the platform when the accident happened, but were on an approaching car which had not reached the platform.

5. In a personal injury case based upon the alleged negligence of the defendant in failing to maintain a reasonably safe condition in and about the place where and at the time the plaintiff was injured, it is not error for the trial court, at the request of the defendant, to instruct the jury that the burden of showing the defendant's negligence is on the plaintiff, and that, if the testimony is such as to leave the minds of the jury in a state of equipoise as to the negligence of the defendant, their verdict should be for the defendant.

6. Where in an action to recover damages from a railroad company for having failed to properly control a crowd on a station platform, whereby the plaintiff was pushed or shoved from the platform and injured, there is evidence on behalf of the defendant that the plaintiff, instead of being pushed from the platform, stepped therefrom down onto the track, where she fell and was injured, which evidence is corroborated by other circumstances, it is not error for the trial court to instruct the jury that if they find the plaintiff was guilty of contributory negligence their verdict should be for the defendant.

7. A map or plat, or blueprint thereof, showing the condition existing at the point where an injury was received by a passenger of a railroad, is admissible in evidence in an action for damages for the injury by the passenger against the railroad company, although there is shown to be some difference on immaterial points between the actual conditions and those shown on the map or plat, where the latter discloses a correct reproduction of material points for which it is in-

troduced, and cannot mislead the jury to the prejudice of the opposite party.

8. In an action against a railroad company by a former passenger who claims to have been injured by being shoved off a station platform by a crowd seeking to board a car of the defendant at a pleasure resort, it is not error for the trial court to deny a request of the plaintiff to require the defendant to produce its records showing the number of people at the resort during the day the accident happened.

9. An objection to evidence, which fails to show the ground of objection, is not sufficient to sustain an assignment of error. (Following *District of Columbia* v. *Duryee*, 29 App. D. C. 327.)

Nos. 2713 and 2714. Submitted January 6, 1915. Decided March 1, 1915.

HEARING on appeals by the plaintiffs from judgments of the Supreme Court of the District of Columbia, on verdict, in two actions, one to recover damages for personal injuries, and the other by a husband to recover damages for the loss of the services of his wife, the plaintiff in the other action. *Affirmed.*

The COURT in the opinion stated the facts as follows:

The above actions were brought in the supreme court of the District of Columbia to recover damages from the appellee, Great Falls & Old Dominion Railway Company, for personal injuries alleged to have been received by plaintiff, Mary L. Dixon, on August 25, 1907, through the negligence of the defendant railway company. The suit by Robert A. Dixon is for the loss of services of his wife and for consequential damages. As that case necessarily follows and is dependent upon the final disposition of the case of Mary L. Dixon, his wife, the cases will be considered together, and referred to as one, with Mary L. Dixon as plaintiff and the railway company as defendant.

The case has been tried three times in the court below. On the first trial a verdict was returned for plaintiff, but, upon the motion of plaintiff, a new trial was granted. On the second trial, at the conclusion of all the evidence, the case was taken from the jury by a directed verdict, from which an appeal was

taken to this court, where the judgment was reversed and the cause remanded for a new trial. 38 App. D. C. 591. A third trial was had, resulting in a verdict for defendant. From the judgment thereon, this appeal was taken.

On Sunday, August 25, 1907, plaintiff purchased a round-trip ticket from Washington to Great Falls, Virginia, and return, over the electric railway line of the defendant company. When she came to the station at Great Falls to take a car back to Washington, there was a crowd waiting to board the cars. While plaintiff was waiting, two cars came in, were loaded with passengers, and passed out. She testified that she observed that there was great crowding to get upon the cars. She then took her position at the edge of the platform next to the track, with the intention of boarding the next car. The platform was 96 feet long; 3 feet, 10 inches wide, and 1 foot in height above the level of the ground between the platform and the station proper. As the car approached, the crowd pushed forward on to the platform. Plaintiff alleges that she was crowded off of the platform on to the track, sustaining the injuries complained of. Defendant is charged with negligence in not protecting the platform nor using proper precautions to restrain the crowd, so as to have prevented the accident.

*Mr. Leonard J. Mather* and *Mr. John P. McMahon* for the plaintiffs.

*Mr. Wilton J. Lambert* and *Mr. R. H. Yeatman* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The first assignment of error is to the refusal of the court to grant the following prayer requested by counsel for plaintiff: "You are instructed, as a matter of law, that it was the duty of the defendant railway company to have its platform reasonably sufficient and safe in all respects for the use of its plaintiff passenger on August 25, 1907; if, therefore, you find from all the

facts and circumstances in the case that said defendant railway company's station platform was not reasonably sufficient to safely accommodate the number of people allowed thereon at the time of the accident, and further find that because thereof said plaintiff passenger, without fault on her part, was injured, then she is entitled to your verdict." This instruction is defective in that it does not conform to the evidence. It was not contended nor shown that the defendant company pretended to have a platform there that was capable of accommodating the passengers that usually assembled to take the cars, much less the crowd that was assembled at the time of the accident. What was here referred to as a platform was a wide step to enable passengers to safely get on and off the cars from the station grounds, which furnished the waiting place for passengers intending to take the outgoing cars.

The object aimed at by the prayer, however, was fully covered by the general charge of the court, and also by the first prayer of plaintiff, which was granted, as follows: "You are instructed, as a matter of law, that the plaintiff, Mary L. Dixon, was a passenger when standing on the defendant railway company's station platform at Great Falls, and as such passenger was entitled to the highest degree of care for her safety and protection from hurt or injury; and if you find that while such a passenger she was injured by being pushed off said defendant railway company's platform, by reason of the failure on the part of the said defendant company to exercise such care and protection, under all the facts and circumstances of the case, your verdict should be for the plaintiff." It was also covered by the fourth prayer of defendant, which was conceded by plaintiff's counsel and granted, as follows: "The jury are instructed, as a matter of law, that before they can find for the plaintiffs, they must find by a preponderance of the evidence, not only that the plaintiff, Mary L. Dixon, was pushed and shoved in such a manner as that she was jostled, pushed, or thrown violently from the top of the station platform, but they must also find as a fact that the defendant was guilty of negligence in maintaining the platform described in these cases, or

that on this occasion there was present on said platform a crowd of people that should and could have been controlled or regulated by the employees of the defendant, and that the said defendant did not furnish a sufficient number of competent employees to control or regulate said people, and that its failure to do so was negligence on its part, which was the proximate cause of the injuries sustained by the plaintiff, Mary L. Dixon." It has been repeatedly held by this court that it is not error for the court to refuse requested prayers where all that is properly contained therein is covered by instructions given. *Columbia Heights Realty Co.* v. *Macfarland,* 31 App. D. C. 112; *Cooper* v. *Sillers,* 30 App. D. C. 567; *Sullivan* v. *Capital Traction Co.* 34 App. D. C. 358.

Plaintiff's second assignment of error relates to the refusal of the trial court to allow plaintiff to show by the testimony of certain witnesses that defendant had no guards in uniform around the station platform at the time of the accident. Three witnesses were interrogated by counsel for plaintiff on this point, to which objection was interposed and sustained by the court. It appears that four witnesses were subsequently examined, who testified that there were no persons on guard on and around the platform at the time of the accident. Plaintiff herself testified that she saw no guards nor any person attempting to control the crowd on the platform. Plaintiff could not have been prejudiced by the ruling of the court, since it was conceded that no guards were on and about the platform, except two, one on the front and one on the rear of each car as it came in, to look after the safety of passengers while alighting from and boarding the cars. The evidence offered only amounted to proving a conceded fact. Besides, plaintiff was permitted to fully develop this line of testimony. Taken in connection with the general charge of the court to the jury as to the duty of the defendant company to furnish a safe place for the protection of passengers boarding and alighting from its cars, the whole issue as to the condition of the platform and surroundings at the time of the accident went to the jury.

Plaintiff's third assignment of error is to the action of the

trial court in granting defendant's prayer No. 3, as follows: "The jury are instructed, as a matter of law, that there is no evidence in this case establishing or tending to establish any negligence on the part of the defendant company in failing to provide lighting facilities to so light up its platform at Great Falls, Virginia, at the time plaintiff, Mary L. Dixon, received the injuries complained of herein, so as to render it reasonably safe for use by persons intending to become passengers upon its cars, so as to be the proximate cause of Mrs. Dixon's injuries, and therefore they cannot find that the injuries sustained by said plaintiff were the result of any such alleged negligence of the defendant." In the first place, there was little or no conflict in the evidence given by a large number of witnesses to the effect that the place was well lighted. But had there been defective lighting facilities, the theory of plaintiff's case is such that this defect could not be found to be the proximate cause of the injuries sustained by her, or to have even materially contrib-. uted to the accident. No claim is made by plaintiff that in moving about on this platform, for want of sufficient light, she was unable to see and properly protect herself. On the contrary, she testified that she realized she was standing at the edge of the platform, at a place she had selected in order to board the car, and that, while in that position, she was abruptly pushed therefrom without any warning. It is not contended that insufficient lighting contributed to her being jostled from the platform, the proximate cause of the accident upon which she based her case. Hence, the giving of this prayer by the court cannot be regarded as prejudicial to the plaintiff, and the evidence was such that we think there was no reasonable ground for difference of opinion in arriving at the conclusion that the place was amply lighted.

The fourth assignment of error relates to the refusal of the court to permit counsel for plaintiff to cross-examine two of defendant's witnesses, employees of defendant company, as to their instructions from the company not to permit crowding upon the platform. . These witnesses were the two guards whose duty it was to ride on the front and rear platforms of incoming

cars, and superintend the unloading and loading of passengers. Any instructions they may have had relative to this matter could only apply when they were on duty at the platform. They were not there when the accident happened, but were at their respective stations on the approaching car, which had not yet reached the platform. Hence, any instructions they may have had as to the manner of controlling the passengers while getting on and off the cars could have no material bearing upon the circumstances leading up to the accident in question, either as bearing upon the negligence of defendant, or otherwise. The duty of these two employees related only to the safety of passengers at the platform when cars were being loaded and unloaded, and not to conditions arising between cars. Besides, this testimony, if adduced, could have added nothing to this case. The whole case of plaintiff was based not upon any defect in the platform, but on the negligence of defendant in not furnishing guards to control the crowd between trains, when the accident occurred. Plaintiff was permitted to prove that no guards were on duty to look after the crowd, a fact which we have found was conceded; hence, the instructions these two train guards may have had could have no material bearing upon the real issue before the jury.

The seventh assignment of error is to the following prayer given at the request of counsel for defendant: "The jury are instructed, as a matter of law, that the burden of establishing negligence on the part of the defendant as alleged by the plaintiffs is upon the plaintiffs, and that if the testimony in these cases should be such as to leave the minds of the jury in a state of equipoise as to negligence of the defendant, their verdict should be for the defendant." Plaintiff's action is based entirely upon the charge of negligence of the defendant in failing to maintain a reasonably safe condition in and about the place where the accident occurred. This instruction states an elementary principle as to the burden of proof. *Ohlendorf* v. *Kanne,* 66 Md. 495, 8 Atl. 351.

The eighth assignment of error is to the granting of the following prayer at the request of counsel for defendant: "The jury are instructed, as a matter of law, that if they find that

the defendant was guilty of negligence which was the proximate cause of the injuries sustained by the plaintiff, Mary L. Dixon, yet if they further find that the said plaintiff was guilty of negligence which contributed to her said injuries, the verdict should be for the defendant." It is contended that this instruction was erroneous in that there was no evidence tending to establish contributory negligence on the part of the plaintiff. There was testimony by two witnesses that, as the car was approaching, they saw the plaintiff, instead of being pushed from the platform, step from the platform down on to the track, where she fell and was injured. This testimony is corroborated by other circumstances in the case, all of which goes to the question of contributory negligence. It was proper for the court to submit this question to the jury for its determination in connection with the whole case.

The ninth assignment of error relates to the admission in evidence, over the objection of counsel for plaintiff, of a map or plat showing the conditions existing at the point where the accident occurred. The plat offered in evidence was made from the blueprint of a plat used at the former trial, but it is claimed that it was not properly connected up as showing the actual conditions existing at the time of the accident. While there appears to have been some difference on immaterial points, it clearly appears that it disclosed a correct representation of the material points for which it was introduced, and could not, in any view of the case, have misled the jury to plaintiff's prejudice.

The tenth assignment of error relates to the refusal of the court to require the defendant company to produce its records showing the number of people at Great Falls throughout and during the day the accident happened. This evidence could not, in any aspect of the case, have been material. It was a matter of no concern how many people were present at Great Falls on the day of the accident. The case turns upon a situation existing at the station at the time that defendant was injured. Besides, it is proper to call attention here to the point that there was a sharp issue of fact as to whether or not there

was an unusual number of passengers at the station, or a greater number than could be accommodated on the car which plaintiff contemplated taking. This issue of fact went to the jury, and was resolved against plaintiff.

The fifth, sixth, and eleventh assignments of error relate to the testimony of certain witnesses, given on behalf of defendant over the objection of plaintiff. While, in our opinion, there was no error committed in the admission of the testimony, we will call attention again to the fact that a mere objection to the admission of evidence, without stating the ground of objection, as was the case here, is not sufficient to sustain an assignment of error in this court. In *District of Columbia* v. *Duryee,* 29 App. D. C. 327, 10 Ann. Cas. 675, the court said: "The ground of objection does not appear to have been stated. An appellate court should not consider an objection which does not state the ground, nor cover the competency of the evidence, nor point out some definite and specific defect in the proffer. *District of Columbia* v. *Woodbury,* 136 U. S. 450, 452, 34 L. ed. 472, 473, 10 Sup. Ct. Rep. 990."

The judgments are affirmed, with costs. *Affirmed.*