(Decided 21st January, 1887.)

## HENRY OHLENDORF *vs.* WILLIAM H. KANNE.

*Executors—Letters testamentary—Agreement to Divide commissions—Burden of Proof—Matter not Reviewable on Appeal.*

Where one entitled as joint executor to letters testamentary, renounces this right in favor of his co-executor in pursuance of an agreement that he, the renouncing executor, shall be paid one-half of the commissions, such renunciation is a sufficient consideration to support the agreement; and the agreement may be enforced in an action at law.

In an action by the renouncing executor to recover under such agreement the one-half of the commissions allowed, the burden of proof is upon the plaintiff to establish the agreement by a preponderance of testimony.

In the absence of a rule of Court in regard to the right of a party to offer evidence after the case has been closed, the matter rests in the discretion of the Court, and is not reviewable by the Appellate Court.

APPEAL from the Baltimore City Court.

Christian Ohlendorf, by his last will appointed the appellant, his son, and the appellee, his son-in-law, his executors. The appellee renounced his right to letters testamentary in due form, and the same were granted to the appellant alone, who gave bond, with the appellee and William Weikel as sureties. On the application of the appellant, the Circuit Court of Baltimore City assumed jurisdiction over the estate of Christian Ohlendorf, deceased, and appointed the appellant, as executor under the will of said deceased, to sell certain property. The property was sold, and the appellant was allowed commissions by the Court. The appellee alleged that his renunciation of the right to jointly administer the estate of the deceased with the appellant, was in pursuance of a contract or agreement that the latter would divide equally with him the commissions that should be allowed. This suit was brought to recover the one-half of the commissions allowed.

*First Exception.*—Stated in the opinion of the Court.

*Second Exception.*—The plaintiff, in answer to a question by defendant's counsel, and before the plaintiff's counsel could object to the same, testified that the defendant gave him, witness, $1000 on account of his wife's share of the estate, and that he did not turn the money over to his wife. Whereupon the plaintiff's counsel moved the Court to exclude all the testimony about the $1000, which the Court did against the defendant's objection, and the defendant excepted.

*Third Exception.*—The defendant asked the plaintiff the following question: "Did you not go after the balance

of the money due your wife, after the same had been paid? The plaintiff's counsel objected and the Court sustained the objection. The defendant excepted.

*Fourth Exception.*—Sufficiently stated in the opinion of the Court.

*Fifth Exception.*—The plaintiff offered the following prayer:

If the jury find from the evidence, that Christian Ohlendorf, by his last will and testament, appointed the plaintiff and the defendant the executors of his said will, and that said will was admitted to probate; and if they further find that the defendant requested the plaintiff to renounce his right to be co-executor with the defendant in the administration of the said testator's estate, and to become a security upon the bond of the defendant as sole executor of said estate, and in consideration thereof promised the plaintiff one-half of the commissions which should be allowed to and received by the defendant for the administration of said testator's estate; and if they further find that the plaintiff did renounce his right to be co-executor with the defendant in the administration of said testator's estate, and became a security upon the bond of the defendant as executor of said estate, and that letters testamentary were granted by the Orphans' Court of Baltimore City unto the defendant, as sole executor of said estate, then the plaintiff is entitled to recover one-half of whatever sum the jury shall find was allowed to and received by the defendant as commissions for the administration of the said testator's estate, less ten per cent. thereof, to which the State of Maryland is entitled as a tax on commissions.

The defendant asked the following instructions:

1. That if the jury, should believe from all the evidence that the plaintiff and defendant were the executors named in the will of Christian Ohlendorf, deceased, and that after his death they agreed between themselves, that the plain-

tiff should renounce the administration of said estate and go upon the defendant's bond, and that the defendant would pay him one-half of the commissions allowed him for the administration of said estate, that then said contract is void and non-enforcible at law, and their verdict must be for the defendant.

2. That the burden of establishing the contract set up by the plaintiff in this case by a preponderance of testimony satisfactory to them, is upon the plaintiff, and that if the testimony in this case should be such as to leave the minds of the jury in a state of equipoise, as to the making of said contract, their verdict should then be for the defendant.

3. That there is no legally sufficient proof in this case what, if any, amount of commissions were received by the defendant, and that there can accordingly be no verdict in favor of the plaintiff.

The Court (STEWART, J.) granted the plaintiff's prayer, and refused the prayers of the defendant. The defendant excepted, and the verdict and judgment being against him, he took this appeal.

The cause was argued for the appellee before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J., and submitted on brief for the appellant.

*Frederick C. Cook,* for the appellant.

*Charles Herzog,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The main question in this case, is whether an agreement whereby *one joint executor* renounces his right to letters testamentary in favor of *his co-executor,* in consideration of being paid one-half commissions, is a valid agreement?

The appellee was unquestionably entitled, as joint executor, to letters testamentary, and upon the settlement of

the estate he would have been entitled to one-half of the commissions.    If he renounced this right in pursuance of an agreement with his co-executor whereby he was to receive one-half of the commissions, such renunciation is a sufficient consideration to support the contract.

In *Bassett and Wife vs. Miller*, 8 *Md.*, 551, and in the later case of *Dolfield vs. Kroh*, 62 *Md.*, XIII of *"Opinions Unreported,"* it was decided, that a like contract by one entitled to letters of administration, was a valid contract which could be enforced in an action at law.    If so, there is no reason why a contract made by an executor, should not be enforced.    In the one case, the party renouncing was entitled to letters of administration by force of the *statute,* in the other he was entitled under the *will of the testator.* In both the right relinquished was a vested right, of which the party could not be deprived without his consent. Commissions, it is true, are allowed in consideration of services rendered in the settlement of the estate, and although such contracts are not to be encouraged, we see no sufficient grounds on which they could be declared invalid.

There is a broad distinction between such a contract, and the one in *Folck, et al. vs. Smith,* 13 *Md.*, 85, whereby an attorney agreed to divide his commissions provided he was appointed trustee to sell the real estate.    In that case, it was held that the appointment of a trustee was one resting solely in the discretion of a Court of equity, and there was, therefore, no consideration to support the contract. Here, however, the appellee was entitled as a matter of right to letters testamentary, and his renunciation of this right is a consideration sufficient to support the agreement. The evidence, however, in regard to the agreement was conflicting.    The proof in support of it rested entirely upon the testimony of the appellee, and his testimony was in every particular flatly contradicted by that of the appellant.    And although it was within the province of the

jury to believe the one and to disbelieve the other, yet the *burden of proof* was upon the appellee to establish the agreement by a preponderance of testimony, or, in other words, to prove it by evidence satisfactory to the jury. The appellant's second prayer to this effect, announces an elementary principle everywhere recognized, and should have been granted.

There was error also in excluding the evidence offered in the first exception. The suit was brought upon an agreement made before letters testamentary had been granted, but the appellee testified, that after the settlement of the estate, he called upon the appellant for the payment of the one-half commissions under that agreement, to which the appellant replied that he had changed his mind. Upon cross-examination the witness said he called upon the appellant "and wanted him to settle up, and that commissions were not mentioned, but understood."

The appellant then asked witness, whether "his wife was not at that time entitled to a share of the estate, and whether the settlement referred to in this conversation was not in regard to the payment of the wife's share of said estate."

The witness had testified about a conversation had with the appellant after the settlement of the estate, and the question proposed was in every sense a proper one for the purpose of testing the recollection of the witness in regard to the conversation; that is to say, whether it was a conversation about the payment of commissions, or about the payment of the wife's share in the estate. As to the disposition of the wife's share by the witness, this was matter altogether irrelevant to the issues in the case, and evidence in regard thereto was properly excluded.

In the fourth exception, it appears that after both sides had closed their evidence, and after the appellant had offered a prayer to the effect, that there was no evidence legally sufficient to prove what, if any amount of commis-

Phila., Wilm. & Balto. R. R. Co., *et al. vs.* State, use of Gunther.

sions had been received by the appellant as executor, the Court at the instance of the appellee, allowed him to offer in evidence, the auditor's report, showing the amount of commissions thus received.

It does not appear by the record, that there was any rule of the Court in regard to the rights of a party to offer evidence after the case had been closed, and in the absence of such a rule, it was unquestionably a matter in the discretion of the Court, and not, therefore, reviewable by the Appellate Court.

*Judgment reversed, and*
*new trial awarded.*

(Decided 21st January, 1887.)