The appellant's prayers were as follows:
Appellant's First Prayer. — The claimant, Charles Schiller, prays the court to instruct the jury that if they shall find from the evidence that said claimant sustained injuries while in the employ of the Baltimore Ohio Railroad Company, a body corporate, and in the course of his said employment, then the verdict of the jury must be for said claimant, and the jury is further instructed that they shall determine by their verdict whether the injuries, if the jury so find, here complained of created a permanent total disability, a temporary total disability, a permanent partial disability, or a temporary partial disability. And if the jury so find, it shall fix the amount of compensation to which the said claimant is entitled. (Refused.)
Appellant's Second Prayer. — The appellant prays the court to instruct the jury to determine the nature of the injury sustained by him, herein complained of, if the jury so find, and the amount of compensation to which he is entitled, if the jury so find, and the length of time during which he may be thereunto entitled, if the jury so find. (Refused.)
Appellant's Third Prayer. — The claimant prays the court to instruct the jury that if they find that the claimant is entitled to recover as per the instructions marked in claimant's first prayer, then the jury may find that the inguinal incomplete hernia of the claimant sustained in the course of his employment by the Baltimore Ohio Railroad Company, if the jury so find, is permanent in its character, and the jury is further instructed that it is within the power of the State Industrial Accident Commission to modify said finding of permanency if the events should hereafter justify such modification. (Refused.)
The granted prayers of the appellee were as follows:
Appellee's Third Prayer. — The court instructs the jury that the plaintiff cannot recover compensation beyond a time *Page 238 
at which the jury, under the evidence, may find he could have been cured, if the jury further find that by the exercise of reasonable care and prudence he could have been cured by an operation as testified in this case.
Appellee's Fourth Prayer. — The court instructs the jury that the decision of the State Industrial Accident Commission awarding the plaintiff compensation for a period of eight weeks is primafacie correct, and that the burden of proof is on the plaintiff to show this period of eight weeks is incorrect; and that this burden has not been met unless the jury are so convinced by a preponderance of the evidence; that is to say, if after weighing all the evidence the minds of the jury are in a state of equipoise, so that they find it just as likely that the period of eight weeks, as awarded by the Commission, is correct as that such period is not correct, then they can only allow the plaintiff compensation for a period of eight weeks.
Appellee's Sixth Prayer. — The court instructs the jury that if they find that under the evidence in this case an ordinarily careful and prudent man would have submitted to an operation for the cure of hernia and if they further find that the period of incapacity from doing heavy work as the result of such operation would not under the evidence of this case have been more than eight weeks, then they cannot allow the plaintiff compensation for a period longer than eight weeks.
Appellee's Seventh Prayer. — The court instructs the jury that even if they find that the plaintiff is entitled to recover some compensation, and that the hernia complained of is existing at this time, if the jury so find, yet if the jury shall further find that the plaintiff could have prevented his present condition of hernia by promptly submitting to proper surgical treatment; and they shall further find that the plaintiff failed to use reasonable and ordinary care to avoid the continuation of the hernia he suffered, and shall further find that such failure on his part to exercise reasonable care and caution to prevent the continuation of his hernia, if the jury *Page 239 
so find, is responsible for his present condition of hernia, then the plaintiff cannot recover any compensation for the loss which he has suffered, if any, by reason of his neglect in failing to have himself so treated.
The conceded facts in this case are as follows:
Charles Schiller, the appellant, on the 21st day of December, 1917, sustained a hernia as a result of lifting a heavy cylinder head out of a pit while in the employ of the appellee. In February, 1920, when this case was tried in the Baltimore City Court on appeal, he was still suffering from his injury. There is no dispute about the fact of the injury or that it occurred in the course of and grew out of his employment, and the liability of the appellee is admitted. The question raised is as to the permanency of the disability.
On March 14th, 1918, Schiller filed a claim for compensation with the State Industrial Accident Commission, in which he stated his average weekly wage was thirteen dollars. The award of the Commission was that the Baltimore and Ohio Railroad Company, employer, pay to the said Schiller compensation at the rate of six dollars per week for the period of eight weeks from the 7th day of January, 1918.
From this award an appeal was taken to the Superior Court of Baltimore City and subsequently, on suggestion and affidavit, this case was removed to the Baltimore City Court, where it was tried three times, the first two verdicts in favor *Page 240 
of Schiller having been set aside on motions of the defendant.
This appeal is from the judgment entered on the third verdict, which was as follows:
 "Verdict in favor of the claimant for eight weeks' benefits with compensation at the rate of $10.91 per week, making a total of $87.28" (it having been admitted the claimant at the time of the injury was earning $21.82 per week).
There are seventeen bills of exception. The first, second and sixteenth bring up for review a question of procedure under the Workmen's Compensation Act, on which this Court has not heretofore been required to rule, viz: Is the trial court on appeal from the Industrial Accident Commission bound, on the request of either party, to submit questions of fact to the jury in the form of issues, and if so what character of facts and in what form.
Section 56 of Article 101 of the Code, which contains all the provisions of the act in regard to appeals in such cases, is as follows:
 "Any employer, employee, beneficiary or person feeling aggrieved by any decision of the Commission affecting his interests under this Article may have the same reviewed by a proceeding in the nature of an appeal and initiated in the circuit court of the county or in the common law courts of Baltimore City having jurisdiction over the place where the accident occurred or over the person appealing from such decision, and the court shall determine whether the Commission has justly considered all the facts concerning injury, whether it has exceeded the powers granted it by the Article, whether it has misconstrued the law and facts applicable in the case decided. If the Court shall determine that the Commission has acted within its powers and has correctly construed the law and facts, the decision of the Commission shall be confirmed, otherwise it shall be reversed or modified. Upon the hearing of such an *Page 241 
appeal the court shall, upon motion of either party filed with the clerk of the court according to the practice in civil cases, submit to a jury any question of fact involved in such case. The proceedings in every such an appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced. No such appeal shall be entertained unless notice of appeal shall have been served personally upon some member of the Commission within thirty days following the rendition of the decision appealed from. An appeal shall not be a stay. If the decision of the Commission shall be changed or modified, the practice prevailing in civil cases as to the payment of costs and the fees of medical and other witnesses shall apply. Appeal shall lie from the judgment of the circuit court of the county or the common law courts of Baltimore City to the Court of Appeals as in other civil cases, and such appeals, shall have precedence over all cases except criminal cases.
 "The Attorney-General shall be the legal adviser of the Commission, and shall represent it in all proceedings whenever so requested by any of the commissioners. In all court proceedings under or pursuant to this Article, the decision of the Commission shall be prima facie correct and the burden of proof shall be upon the party attacking the same."
It is not entirely clear just what is meant by the provision that "upon the hearing of such an appeal the court shall, upon motion of either party filed with the clerk of the court according to the practice in civil cases, submit to a jury any question of fact involved in such case." What practice is referred to? Does it mean the practice as to filing the motion, as the punctuation seems to indicate? Or the practice of submitting issues as in cases sent up from the Orphans' Court or in cases where questions of fact are submitted to a jury by a court of equity? There is no general practice in the courts of this State of filing motions with the clerk when *Page 242 
a jury trial is desired, and it is not to be presumed that the Legislature was referring to a local practice of this sort, if any such exists. If the punctuation is disregarded (as is permissible in construing a statute) and the sentence above quoted read as if the second comma followed "clerk of the court" instead of "civil cases," the reference would then naturally be to the practice of submitting questions of fact, and not to the practice of filing motions. But we are still left in doubt as to whether the right given to have "any question of fact" submitted to a jury, means simply the right to the ordinary jury trial, or whether it means the right to have special issues submitted, unless the true meaning can be gathered by considering this particular provision in connection with other provisions contained in the section, or unless the requirement that a motion be filed with the clerk indicates something more than the ordinary jury trial.
It seems clear from the entire section that it is not within the powers of the jury on such an appeal to find a verdict for any amount or to fix the rate or period of compensation or to make any award. It may however find the facts upon which the court determines whether the finding of the commission shall be confirmed, reversed, or modified. "The court shall determine whether the Commission has justly considered all the facts concerning injury, whether it has exceeded the powers granted it by the Act and whether it has misconstrued the law and facts applicable in the case decided. If the court shall determine that the Commission has acted within its powers and has correctly construed the law and the facts, the decision of the Commission shall be confirmed, otherwise it shall be reversed or modified." The provision as to the right of either party, on motion, to have any question of fact submitted to a jury, following the language above quoted, would seem to be intended to protect the constitutional right to a jury trial of the facts involved, but in such a way as to enable the court to apply the law to the facts after they are found by the jury. *Page 243 
For the practical working of such a scheme there does not seem to be any method so appropriate as the submission of issues in a manner analogous to the practice in cases sent from the Orphans' Court or from courts of equity, where it is desired that a jury shall pass on the facts.
In the majority of cases that have come before us on appeal, no issues were framed. But it so happens that the omission has not been of practical importance until now; in some cases, because appeals from the Commission were heard by the court; and in others, by reason of the fact that only one issue of fact was involved. In any event the conditions were such that the finding of the jury for the appellant or appellee indicated clearly what the jury actually found, and no point has heretofore been made in this Court either of the failure of the trial court to submit issues, or as to the form of the verdict or judgment.
It may well be that in many cases a verdict for the appellant or for the appellee would be equivalent to a finding of the only fact in controversy, and in such cases that form of verdict would be sufficient; nor do we mean to say that in such cases it would be necessary to submit the fact in controversy in the form of an issue. Browne v. Browne, 22 Md. 115.
The present case illustrates not only the convenience, but the practical necessity in some cases, of the method of procedure above indicated. The real controversy here is as to whether the claimant should have submitted to an operation, and if the jury so found, whether compensation should have been continued beyond the time which would have been required for his recovery after such an operation.
The Commission evidently found that he should have submitted to the operation, that compensation should stop after the period which would have been required for recovery thereafter, and fixed that time at eight weeks. But for some reason not apparent from the record they started the running of that time at least two months before, according to *Page 244 
the evidence, the claimant could have been held blameworthy for neglecting or refusing to be so treated. The jury by its verdict undertook to make a new award which differed from that made by the Commission only in the amount of the weekly payments.
That verdict was not such as the jury was authorized to find. But suppose it had found either "for the appellant" or "for the appellee." In the one case it would have meant a reversal of the finding of the Commission without showing whether it was because of the incorrect finding as to the amount of weekly payments and the time from which the eight weeks were to start; or whether the jury disapproved of the Commission's view as to the duty of claimant to submit to an operation. If the verdict had been "for the appellee" it would have failed to correct the manifest error, not in principle, but in detail, of the finding appealed from.
It does not follow that the trial court is bound to submit as an issue every subordinate fact. That would only cause confusion. The facts submitted as issues should, as far as practicable, be confined to the ultimate issues involved in the finding of the Commission from which the appeal is taken, such as disability, dependency, whether the injury arose out of and in the course of employment, and the like, according to the ultimate fact or facts to be determined.
This brings us to a consideration of the questions which, in the case at bar, the trial court was asked to submit to the jury. There are two sets of them, each with three questions. The motion and questions follow:
 "And said matter having been appealed to the Baltimore City Court, said case regularly came on for trial; and after the opening statement to the jury by the respective attorneys, the attorney for the appellant offered the following motion, to wit:
 "The appellant respectfully moves that the following questions of facts be submitted to the jury:
 "First — For the jury to determine the character of the injury herein complained of, as to whether it *Page 245 
caused, (1) permanent total disability, (2) temporary total disability, (3) permanent partial disability, and (4) temporary partial disability.
 "Second — The extent of such injuries if the jury so find.
 "Third — The amount and mode of compensation, subject to the provisions of the Workmen's Compensation Act, to which the appellant is entitled, if the jury so find.
 "And the said appellant also offered the following motion:
 "And the said Charles Schiller moves that without excluding other admissible evidence in this appeal, the following questions of fact shall be submitted to the jury for their determination, to wit:
 "First — What, if any, is the nature and extent of the injuries sustained by Charles Schiller, appellant, in his employment by the Baltimore Ohio Railroad Company?
 "Second — To what compensation, if any, is Charles Schiller, appellant, entitled because of said injury, if the jury so find?
 "Third — For what length of time, if the jury so find, is Charles Schiller entitled to compensation?"
There was no error in the refusal to submit these questions. They (except possibly the first) either do not raise the real question of fact at issue, or raise it in a form which would require cumbersome and discursive answers; or seek to submit matters which are not cognizable by the jury. The first question was not necessary because the award of the Commission shows that it found total temporary disability, which is all that the appellant claimed.
We now come to exceptions relating to the rulings on evidence.
The 3rd, 4th, 9th, 10th and 11th exceptions are apparently based on the theory that the safety of an operation for hernia and its probable effect in removing the disability of claimant *Page 246 
had no bearing on the merits of the case, and that such questions were therefore irrelevant.
It was vigorously contended by appellant that one should not, as a condition precedent to continued compensation during disability, be required to submit to an operation, the result of which might be fatal, even if such result is so unlikely as to make the danger practically negligible.
To support this contention he has cited but three authorities, all being New Jersey cases: Newbaker v. N.Y. Susq. W.R.R.Co., 38 N.J. Law Journ. 175; McNally v. Railroad Co.,87 N.J.L. 455; Feldman v. Bramstein, 87 N.J.L. 20.
The overwhelming weight of authority is opposed to this view, holding that a man cannot continue to receive compensation and at the same time refuse to submit to proper medical or surgical treatment such as an ordinarily reasonable man would submit to in like circumstances. Donnelly v. Baird, Sess. Cas. (1908) 536;Warncken v. Moreland (1909), 1 K.B. 184; Walsh v. Lock,
110 Law Times Rep. (1914) 452; Tutton v. The Majestic (1909), 2 K.B. 54; Lesh v. Illinois Steel Co., 163 Wis. 124;Floccher's Case, 221 Mass. 54; Donovan v. N.O. Ry. Lgt.Co., 132 La. 239, 48 L.R.A. (N.S.) 109; Bradbury's Workmen'sCompensation Cases (3rd Ed.) 851; O'Brien v. Albert A.Albrecht Co., 206 Mich. 101, annotated in 6 A.L.R. 1260. The same principle is recognized in United Railways ElectricCompany v. Dean, 117 Md. 686. There was no error in the rulings of the trial court on these exceptions.
The fifth exception was to permitting Dr. Bay to testify that the place on the body, which a witness pointed to as the place where he had a rupture which was cured by certain treatment which claimant testified he was using, was not a place where the sort of hernia claimant had could be. We find no error in this ruling.
There was no error in the refusal of the court to strike out Dr. Edmonds' testimony that "to my knowledge none of *Page 247 
these people I have operated on for the cure of hernia have returned to me with a recurrence," which constitutes the 12th exception.
The fourteenth exception embraces the ruling on two questions. The first was as to the condition of claimant found by Dr. Edmonds at the time of the trial in 1920 entirely unconnected with his condition at the time of the award by the Commission. The objection to the question was well taken and should have been sustained.
We find no error in permitting the doctor to answer the other question embraced in this exception as to his opinion of the effect of the treatment which claimant had testified he was giving himself.
The sixth, seventh, eighth, thirteenth and fifteenth exceptions were to questions as to the condition of claimant at the time of the trial in June, 1920, including conditions of heart and lungs. These questions were addressed to Doctors Bay and Edmonds, who, so far as the record shows, had not made any examination at the time of the hearing before the Commission and do not undertake to say what his condition then was. There is nothing in the record to show what was the condition of claimant's heart and lungs at the time of the award by the Commission from which this appeal was taken, or that any examination was made at or before that time to ascertain the fitness of claimant to sustain an operation. In passing on the correctness of the order appealed from, his condition two years later, unconnected with his previous condition, is irrelevant.
The objections to these questions should have been sustained and the failure to sustain them was prejudicial error.
The seventeenth and last exception relates to the ruling of the court on the prayers, of which three were offered by the appellant (the claimant) and seven by the appellee. All of appellant's prayers were refused and all of appellee's granted except the first and second. *Page 248 
The Reporter will set out all of appellant's prayers and the granted prayers of appellee.
It will be apparent from what we have already said that appellant's first and second prayers were properly refused. As the third prayer was made to depend upon a recovery under the first, of course the third prayer could not be granted. It is also objectionable for other reasons.
All the granted prayers of appellee are bad in form under the practice above indicated as proper in such cases. It is therefore unnecessary to pass on the special exceptions.
Judgment reversed and new trial ordered with costs toappellant. *Page 249