EMMITSBURG RAILROAD COMPANY *v.* ANNIE M. LOWE.

[No. 21, January Term, 1929.]

48

*Decided March 20th, 1929.*

The cause was argued before Bond, C. J., Adkins, Of-
futt, Digges, Parke, and Sloan, JJ.

*Guy K. Motter,* with whom was *Eugene V. Bullett* on the
brief, for the appellant.

*Leo Weinberg* and *Benjamin B. Rosenstock,* submitting
on brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

An appeal from the overruling of an employer's motion
to dismiss a claimant's appeal from action by the State In-
dustrial Accident Commission brings up questions arising
from the passage of an order by the circuit court on a second
appeal to it, settling the meaning and effect of the court's
order on the first appeal—of which the commission was un-
certain—and remanding the case for action by the commis-
sion in conformity with the order on the second appeal.

An employee of a railroad company engaged in interstate
commerce received fatal injuries while conveying United
States mail, as messenger, between the postoffice and the rail-
road station at Emmitsburg. On a claim for compensation
the employer submitted in three issues the questions whether

at the time of injury the employee was engaged in interstate commerce, and so not within the jurisdiction of the state commission, and whether his injuries arose out of and in the course of his employment. And the commission found, first, that the work was so separated from the employee's interstate commerce work that the state commission had jurisdiction of the claim for compensation, and then, assuming jurisdiction, found that the injuries did not arise out of and in the course of the employment. On the appeal from that first decision the circuit court reversed it generally, and remanded the case. Upon that, the commission, without hearing the employer, awarded compensation in amounts specified, but upon subsequently hearing the employer it became uncertain of the effect of the general order of reversal by the circuit court, inasmuch as reversal of the commission's decision that it had jurisdiction would preclude allowance of compensation by this state commission even if, contrary to its decision on the other issues, the injuries had arisen out of and in the course of the employment. And because of this uncertainty, the commission then rescinded its award of compensation until the further order of the circuit court. The question was taken before the circuit court by another appeal by the claimant, and the employer moved that this second appeal be dismissed. In this situation, the circuit court, to settle the effect of its previous order, on which the commission was in doubt, recited that the reversal of the commission's first order disallowing compensation had been in consequence of a conclusion by the court that the claimant was entitled to compensation, and that conclusion necessarily involved a ruling in favor of the claimant on all three issues submitted, that is, it involved a finding that the employee was not engaged in interstate commerce at the time of his injuries and a finding that the injuries did arise out of and in the course of his employment. And the circuit court then overruled the employer's motion to dismiss the claimant's last appeal, and reversed the commission's rescinding order and remanded the case to it. The employer now appeals from that action.

The objections are that the circuit court's first order merely reversing the disallowance of claim and remanding the case was void because the court had jurisdiction only to determine the facts at issue itself and give final judgment, and that the subsequent award by the commission was void because based upon that void order of court and also because passed without hearing the employer. The award being void, it is argued, it could not be reinstated by the reversal and remanding of the present order of court.

This court is of opinion that the correctness of the circuit court's first order of reversal is not now open to question on appeal; that no appeal having been taken from it within the time allowed it is now final and unimpeachable. The order did not so transgress limits placed on the powers of the court as to render it entirely void. *Schiller v. Balto. & O. R. Co.,* 137 Md. 235, 242. And if it was a final, effective order, then an award of compensation duly made in pursuance of it would be proper. The objection to the reinstatement of the award because it was passed without hearing the employer seems to be not well taken, because the right to compensation had already been finally determined, and as to the amounts awarded the effect of the order of court now appealed from is not necessarily to fix the amounts awarded despite any defects which the commission after hearing may find in need of correction. The apparent purpose of the present order of court is to rule again only that the claimant was entitled to compensation, and that is the only effect it could have, for the power still remains in the commission to grant hearings at any stage of proceedings before it and to make modifications which it may find justice requires. Code, art. 101, sec. 54. Practically, we think, the present order of court requires a new order by the commission either adopting the amounts fixed in its earlier award or ascertaining new amounts, after any hearing (if any) that may still be necessary to a just settlement of those amounts.

*Order affirmed, with costs to the appellee.*