## WILLIAM FURLONG v. NORTHWESTERN CASKET COMPANY AND ANOTHER.[1]

January 26, 1934.

No. 29,633.

*Stinchfield, Mackall, Crounse, McNally & Moore* and *Donald A. Holmes,* for relators.

*Mark F. Crotty* and *C. E. Warner,* for respondent.

*DEVANEY, Chief Justice.*

*Certiorari* to the industrial commission.

There is substantially no dispute about the facts. For some 19 years William Furlong, respondent, had been in the employ of the Northwestern Casket Company. On March 7, 1927, he suffered an accidental injury arising out of the course of his employment. He was then 71 years of age. Subsequent to the accident the Northwestern Casket Company and its insurer, Columbia Casualty Company, both relators herein, paid respondent 300 weeks' compensation in the sum of $3,980.34 and hospital and medical expenses in the sum of $766.08. Thereafter respondent filed a petition demand-

[1]Reported in 252 N. W. 656.

ing further compensation for permanent total disability, to which petition both relators duly answered denying liability. A referee heard the testimony and made findings awarding respondent compensation for permanent total disability subject to the terms of the workmen's compensation act. This finding was affirmed by the industrial commission, and the proceedings are now here on *certiorari.*

The only question is whether the finding that respondent was permanently disabled as a result of injuries sustained in the said accident is supported by the evidence.

1 Mason Minn. St. 1927, § 4274(e), after stating several specific conditions which shall constitute permanent and total disability, concludes thus:

"or any other injury which totally incapacitates the employe from working at an occupation which brings him an income, shall constitute total disability."

Respondent's injury falls within this catch-all provision. A cursory survey of the evidence will be sufficient to indicate the nature of the testimony upon which respondent relies and the extent to which it reaches the vital issue. Respondent's wife testified that before the accident respondent had never been ill, suffered any accident, or been absent from his work for any substantial period of time; that in the five years which followed the accident respondent was not mentally alert and suffered lapses of memory; that he complained of frequent dizzy spells and that he could not do even the usual light chores about the house. This testimony gives a picture of a complete failure to return to coördinated effort, a failure so complete that it is said that respondent could not be trusted to go more than four or five blocks from his home, and that even within the confines of his own home he was uncertain and bewildered. Next in point of interest and importance was the testimony of five medical experts, all of whom agreed that respondent had suffered a broken neck which had not set well. Further than this, however, the medical experts were in sharp conflict as to whether respondent is able since the accident to do any sort of light work. Without considering the matter further, we think there was

ample evidence to support the finding that subsequent to the accident respondent was totally incapacitated and could not do even light work for any sustained period of time. We follow the familiar rule:

"A finding upon a question of fact cannot be disturbed unless consideration of the evidence and the inferences permissible therefrom clearly require reasonable minds to adopt a conclusion contrary to the one at which the commission arrived." Jones v. Excelsior Laundry Co. 183 Minn. 531, 532, 237 N. W. 419.

Relators contend that since respondent was 71 years of age when the accident occurred his present condition is due to intervening old age and to the gradual development of those infirmities attendant thereon. Not to the accident, therefore, but to the normal deteriorations accompanying advancing age do relators attribute his condition. Relators contend that an allowance of compensation is in practical effect an old age pension. We cannot agree with this theory. To do so would be in effect to deprive the thousands of men of advanced years engaged in industry and commerce throughout the state of the full protection of the compensation act. This large group of men are as much entitled to the protection of this law as are the younger men. Their contribution of experienced and mature service is substantial and important. Employers are not likely to discriminate against this older group because of the possibility that where injured their recovery will not be as rapid nor as certain as would be the case with younger and more vigorous men. The referee who heard the testimony and whose findings are affirmed by the commission saw the respondent in court and is better able to judge than are we whether the ailments which followed the injury on March 7, 1927, were due to old age or whether they were due to the injury. Old age is at best but a factor to be considered by the commission in determining whether or not the accident is the cause of the total disability. It cannot be said that an old man is *pro tanto* less within the protection of the workmen's compensation act than is a young man. The question is one of proximate cause. If the proximate cause of the disability is old

age, no compensation should be allowed; otherwise it should. In Duprey's Case, 219 Mass. 189, 193, 106 N. E. 686, 687, it is said:

"The finding by the board that the employe is a man of failing physical powers and that probably he will be incapacitated for work in a few years, as a result of such physical weakness, independently of his injury, does not bar him from compensation under the act if his incapacity to work is the result of his injuries."

See also Udell v. Wagner, Peterson & Wilson, 2 Cal. I. A. C. 139, 11 N. C. C. A. 58.

In the instant case the question of whether the accident or whether old age proximately caused the disability properly was a fact question for the referee. It does not lie with this court to rule as a matter of law that a man of advanced years (in this case a man of 77 years at the time of the hearing before the commission) is not entitled to the full protection of the act.

Order affirmed with $100 attorney's fees to be taxed as costs herein in favor of respondent.