# MEZZANOTTE CONSTRUCTION COMPANY
## ET AL. *v.* GIBONS

[No. 144, September Term, 1958.]

*Decided February 18, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Arthur L. Willcher* and *LeRoy Pumphrey,* with whom was *Bernard Shankman* on the brief, for appellants.

*Oscar R. Duley* and *Faust C. Villareale,* with whom was *Samuel J. DeBlasis* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This is an appeal from a judgment entered after a jury trial in three consolidated cases brought by the plaintiff, appellee, claiming damages for the wilful, negligent, reckless, wrongful and malicious entry upon the appellee's land and the cutting

and removal therefrom of trees and timber. The jury's verdict was for $25,000 against the defendants, appellants, and in favor of the co-defendants, Johnson, Haymes and Tidewater Veneer Company. The appellee did not appeal or cross-appeal from the judgment entered on the latter verdict. The appellants filed a motion for judgment *n.o.v.* or, in the alternative, for a new trial. On April 16, 1958, the motion for judgment *n.o.v.* was denied, and the motion for new trial was "granted unless the plaintiff shall file a remittitur in the amount of $11,692.09 within 15 days" from the date of the order, and if so filed, the Clerk was directed to enter judgment for the sum of $13,307.91. Within that time, the appellee advised the Court that the remittitur would be filed, but it was not actually filed until the 17th day from the date of the order. One of the appellants filed a motion *ne recipiatur* to the filing of the remittitur, but the record does not show that there was any hearing on the motion. The record does show that the judgment was entered for the sum of $13,307.91 about two months later, on July 10, 1958, and that the appellants entered an appeal therefrom. There was no cross appeal.

The appellants have abandoned, on appeal, any contention as to the legal sufficiency of the evidence, and certainly we could not pass on any such question upon the scanty excerpts from the transcript printed in the record extract. Indeed, the appellants' extract is deficient in many respects, even to support or render intelligible the contentions pressed. However, we shall pass on such questions as seem to be fairly presented. It seems to have been virtually admitted that the co-defendants, or some of them, cut and removed a stand of merchantable timber from the appellee's land, for which they paid Mezzanotte or his corporation, who owned an adjoining tract, a sum in excess of $6,000. The chief issues in the case were whether they were acting as agents of the appellants, whether the mistake as to the location of the tract was induced by Mezzanotte or his agent, Robinson, and the amount of the damages.

The expert witness, Garvey, testified that the amount and value of the timber cut was $13,307.91.

The first contention of the appellants is that the court erred in limiting cross-examination intended to show the financial interest of the witness in the outcome of the litigation. He testified that he had been paid $100, or $25 per day for four days, for cruising the tract and evaluating the timber removed. He admitted that he expected to render a bill and be paid for his services in testifying in court, but said that his compensation would not depend on the outcome of the case. When asked as to the amount of his charge, he testified that he had not "settled that with Mr. Gibons yet." Objections were sustained to further questions as to what would determine the basis of his compensation, and whether he had arrived at a figure in his own mind as to what he would charge.

It is well settled that the compensation of an expert witness is a proper subject for cross-examination. See 3 Wigmore, *Evidence* (3d ed.), § 949, p. 501, note 4; 3 Jones, *Evidence* (4th ed.), § 828, p. 1537; note, 33 A. L. R. 2d 1170. Cf. *Williams v. Graff,* 194 Md. 516, 522. See also Code (1957), Art. 35, sec. 10. But it is recognized that the scope and extent of the cross-examination rests in the sound discretion of the trial court. It has been held that the prospective amount of compensation may be inquired into, even though not presently agreed upon. *Grutski v. Kline,* 43 A. 2d 142 (Pa.). But there is authority to the contrary. *Pandula v. Fonseca,* 199 So. 358 (Fla.). In the instant case, if we assume that the trial court was in error in sustaining the objection, we think it was not so prejudicial as to constitute reversible error. The jury knew what he had been paid for his previous services, that he intended to charge for testifying, and that compensation for testifying would not depend on the outcome of the case, but on future agreement with the party calling him. In short, the fact of his interest, which might be deemed to affect his credibility or bias, was brought out, and the amount he might ultimately receive was speculative, because whatever amount he might have arrived at in his own mind, if he had any figure in mind, would depend on future acceptance by the party employing him, presumably upon a *quantum meruit* basis.

The appellants contend that the court's comments upon the

evidence, made in the course of the trial, and in the court's charge to the jury, were hostile and misleading. The only comment, in the course of the trial, mentioned in the appellant's brief was made when a picture was offered in evidence through the witness, Mezzanotte, purporting to show the northeast corner of the tract in question. The court first sustained an objection by counsel for the co-defendants when it was shown that Mezzanotte had not taken the picture, but had only authorized that it be taken by a photographer who was not called. Mezzanotte said he could identify the location from the fence post, and counsel remarked that one could identify one's wife from a picture, even if taken by another. The court remarked that it would be difficult to identify a fence post, but admitted the picture when objection to it was withdrawn. The record extract does not show that any objection was made to the remark, so the question is not properly before us.

The transcript, but not the record extract, shows that a motion for mistrial was made after the court's charge to the jury, but this was based solely on a contention that the charge was "one-sided in favor of the plaintiff."

Objections to the charge are based on allegations that the court assumed facts as proven which were in dispute, and did not instruct the jury that its comments on the facts were not binding upon the jury. The charge is not printed in the record extract, but from the excerpts from the charge printed in the briefs of the appellants and the appellee, we find no error in the charge as a whole. See *West v. Belle Isle Cab Co.,* 203 Md. 244, 250. The court qualified its statement at one point that Haymes had arranged with others to do the work for Mezzanotte, by stating that the jury must determine whether or not Haymes was acting as the agent of Mezzanotte. In several places the court told the jury that any comment on the evidence or facts was advisory only, and made only for the purpose of focusing their attention on some of the conflicts in the evidence, and that it was their responsibility to determine the facts. We think there was substantial compliance with Rule 554 b 2 of the Maryland Rules.

Finally, the appellants contend that the judgment was er-

roneously entered, because the remittitur was not timely filed, and because the plaintiff attempted to reserve a right to appeal from the judgment and challenge the reduction of the verdict. It is generally recognized that a trial court may pass an order for a new trial, unless the plaintiff shall remit a part of a verdict which the court deems excessive. 2 Poe, *Pleading and Practice* (Tiffany's ed.), § 347; 39 Am. Jur. *"New Trial"*, § 210; 66 C. J. S. *"New Trial"*, § 209. Although the matter is not mentioned in Rule 567, we think the statement of what the court may do, on motion for new trial, was not intended to change, and does not change, the established practice. The granting or refusal of such an order is largely discretionary with the trial court. *Francies v. Debaugh,* 194 Md. 448, 460. If the plaintiff remits, the defendant is not harmed by the order, nor does he lose any right to contest, on appeal, the judgment entered.

The contention as to late filing is without merit. Within the time prescribed, the plaintiff served notice of its intention to remit. Moreover, the court had power to extend the time, and by its action in directing the entry of the judgment for the lesser sum, it ratified and confirmed the plaintiff's belated filing. The attempted reservation of a right to appeal is not significant. Whether the plaintiff would have had a right of appeal, with or without reservation, is a question we do not reach, because the plaintiff did not appeal, or cross-appeal. But see *Jenkins v. Spedden,* 136 Md. 637, 642, and *Baer v. Robbins,* 117 Md. 213, 225. In any event, the remittitur was assented to by the plaintiff. The appellants were not harmed by a reduction of the verdict, and the appellee did not appeal from the court's action. Therefore, we cannot pass on the appellee's contentions that the court erred in assuming that Code (1957), Art. 66C, sec. 368, was inapplicable to the case at bar, and that, in point of law, the verdict was not excessive, and the order for remittitur improper. Cf. *Fitch v. Double "U" Sales Corp.,* 212 Md. 324, 329, and cases cited.

*Judgment affirmed, with costs.*