ARUNDEL CORPORATION ET AL. *v.* PLATER

[No. 98, September Term, 1964.]

*Decided October 16, 1964.*

The cause was argued before the entire Court.

*Alfred M. Porth* and *Robert E. Cadigan* for the appellants.

*Marvin B. Steinberg,* with whom was *Melvin A. Steinberg* on the brief, for the appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

This is an appeal by the employer and insurer from a judgment of the Superior Court of Baltimore City affirming the decision of the Workmen's Compensation Commission that the claimant is permanently totally disabled and that his disability is not due, in part, to a pre-existing disease. The question presented is whether the trial court erred in refusing to submit to the jury an issue on apportionment in the form proposed by the appellants. The issue submitted by the appellants was "to what extent is the Claimant permanently disabled because of his pre-existing disease *and age?*" (Emphasis supplied). The

court approved the issue as submitted except for the last two words "and age", which were deleted.

The appellee, Morris Plater (the claimant) was employed by the Arundel Corporation (the employer) as a night watchman for over thirty years. On November 29, 1960, in the course of his duties, he stepped on steel shavings and sustained a puncture wound of the left heel. Swelling developed and his left leg was subsequently amputated below the knee. At the time of the accident, the claimant was over seventy years of age and had arteriosclerotic peripheral vascular disease in both legs. After the amputation, the claimant was fitted with an artificial leg. He testified that he has unsuccessfully sought employment and is unable to perform work of any kind solely because of the difficulties in walking and use of the artificial leg. There was testimony that the claimant's unemployability is due in large measure to his age and that the aging process caused and aggravated his pre-existing condition.

The Commission first found that the claimant sustained temporary total disability as a result of the injury in the course of his employment. This award was affirmed on appeal. Thereafter, the Commission found that the injury had resulted in permanent total disability and that the disability was not due in part to a pre-existing disease or infirmity. This order was affirmed on a rehearing. The employer and insurer appealed to the Superior Court of Baltimore City.

On the appeal, Judge Foster submitted two issues to the jury, the first: "To what exent is the claimant permanently disabled as a result of the accidental injury of November 29, 1960?"; the second: "To what extent is the claimant permanently disabled because of his pre-existing disease?" On the second issue, Judge Foster instructed the jury as follows:

> "Then, under the second issue, you will decide whether or not that degree of permanent disability which you find is due totally to the injury which the Claimant suffered or whether it is due in part to that injury and in part to a condition which existed prior to the injury.
>
> I instruct you that in arriving at your decision as to permanent disability of the Claimant, you should

consider, based on the facts developed by the evidence placed before you, whether the Claimant's present disability is due solely to the injury or whether there was a disease or infirmity which existed before the accident and contributed to the disability. If you should find that, in fact, the Claimant had a pre-existing disease or infirmity, you shall apportion the rating of disability due solely to the accident and the portion due to the pre-existing disease or infirmity."

The appellants, the employer and insurer, excepted only to the failure of the court to submit to the jury the complete second issue as proposed by them, which included the words "and age." The jury's answer to the first issue was "100%" and to the second, "0%". Judgment was entered for the claimant on these findings, and this appeal was thereupon taken.

The appellants admit that the issue of permanent total disability was properly submitted to the jury, and that they cannot contend the jury's finding thereon was erroneous in view of the testimony. *Mureddu v. Gentile,* 233 Md. 216, 196 A. 2d 82 (1964) ; *Congoleum Nairn v. Brown,* 158 Md. 285, 148 Atl. 220 (1940). They contend, however, that they were entitled to have the jury specifically consider on the testimony whether the infirmities of age contributed to the claimant's disability.

The apportionment section of the Workmen's Compensation Act, at the time of the claimant's injury, read as follows:

*"Apportionment of disability due in part to pre-existing disease or infirmity.*—Whenever it shall appear that any disability from which an employee is suffering following an accidental injury, is due in part to such injury, and in part to a pre-existing disease or infirmity, the Commission shall determine the proportion of such disability which is reasonably attributable to the injury and the proportion thereof which is reasonably attributable to the pre-existing disease or infirmity, and such employee shall be entitled to compensation for that proportion of his disability which is reasonably attributable solely to the accident and shall not be entitled to compensation for that propor-

tion of his disability which is reasonably attributable to the pre-existing disease or infirmity." § 36(7), Article 101, Code (1957).

The history of this section is given in *Bethlehem Steel Co. v. Munday,* 212 Md. 214, 221, 222, 129 A. 2d 162 (1957). Age is not specifically mentioned in this section; the test of whether there is to be apportionment is whether any proportion of the disability is due to a "pre-existing disease or infirmity".

Infirmity may be the result of old age. See *McClure v. World Ins. Co.,* 126 Neb. 676, 680, 254 N. W. 393 (1934); *Armour & Co. v. Tomlin,* 42 S. W. 2d 634, 636 (Tex. 1931); *The Oxford Universal Dictionary; Webster's New World Dictionary of the American Language.* In the "other cases" section of the Act, the age of the injured employee is listed with the nature of the injury and the employee's occupation, experience and training as one of the factors to be considered by the Commission in determining the portion or percentage of impairment of the employee's industrial loss of use of his body as a result of the injury. § 36(4), Article 101. Nowhere in the Act, however, is there any specific provision that age, of itself, is to be determinant of the compensation to which an employee is entitled. Whether the injured employee is old or young, if he is entitled to compensation, the compensation for a specified injury is the same, subject, as in this case, to any apportionment due to pre-existing disease or infirmity.

In *Duprey v. Maryland Casualty Co.,* 219 Mass. 189, 106 N. E. 686 (1914) in affirming a decree of the State Industrial Accident Board which awarded the appellee compensation for permanent partial disability, despite the Board's finding that part of the permanency was due to the appellee's advanced years, the court said: "The finding by the board that the employee is a man of failing physical powers, and that probably he will be incapacitated for work in a few years, as a result of such physical weakness, independently of his injury, does not bar him from compensation under the act if his incapacity to work is the result of his injuries." See also *Furlong v. Northwestern Casket Co.,* 190 Minn. 552, 252 N. W. 656 (1934) and Larson, *Workmen's Compensation Law* § 59.20 (3d ed. 1961).

While the claimant's age was not specifically referred to in Judge Foster's charge to the jury, he fully explained the meaning of the apportionment issue in the terminology of "pre-existing disease or infirmity" and told the jury that there was to be apportionment if they found the disability was due in part "to a condition which existed prior to the injury". A man's condition is his state of being, and age is a vital part of that state. The charge is to be considered in the light of the testimony which the jury had heard. That testimony, as the appellants point out, included medical opinions to the effect that the claimant's unemployability was due in large part to his age and that his age had caused and aggravated his pre-existing disease.

The short answer to the appellants' argument that the jury was not allowed to consider whether the infirmities of age contributed to the claimant's disability is that the argument overlooks the Judge's charge. Under that charge, the jury was not only told to consider all the testimony as to pre-existing disease or infirmity; they were directed to consider the claimant's condition prior to the accident. Under both phases of the charge on this issue, the effect, if any, of age as an infirmity or condition was clearly within the scope of the jury's consideration. Under the law, the appellants were entitled to no more.

The right of appeal to the court by any party from a decision of the Commission includes the right of either party, upon notice, to have submitted to a jury any issue of fact involved in the case. § 56, Article 101. In these appeals, the submission of issues, as in cases sent from the Orphans' Court or from courts of equity, has been approved by this Court as an appropriate method of enabling the court to apply the law to the facts after they are found by the jury. *Richardson v. Home Mutual Life Ins. Co.,* 235 Md. 254, 257, 201 A. 2d 340 (1964). *Schiller v. B. & O. R. R. Co.,* 137 Md. 235, 242, 243, 112 Atl. 272 (1920). As in passing upon requested instructions to the jury, the trial court may adopt, reject or modify suggested issues and give its own verbal instructions, if the law involved is fairly covered. Maryland Rule 554 a, b and c; *Beth. Shipyard v. Scherpenisse,* 187 Md. 375, 381, 382, 50 A. 2d 256 (1946). In this case, the issue submitted to the jury, as explained by the

Judge in his instructions, fully and fairly covered the law under which the facts were to be determined.

The appellants urge that protection should be afforded employers who hire aged or infirm persons. Code (1957), Article 101, Section 51, provides for waivers as to subsequent injuries caused by a previous injury or disability. Whether more specific provision should be made with respect to age as affecting compensation is not a matter for judicial determination.

*Judgment affirmed, with costs to the appellee.*