MORRIS, ET UX. *v.* CHRISTOPHER

[No. 19, September Term, 1969.]

*Decided November 4, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

L. *Richard Phillips*, with whom were *Hamilton P. Fox* and *Hearne, Fox & Bailey* on the brief, for appellants.

*Morton J. Owrutsky*, with whom were *Donald C. Davis* and *Perdue, Owrutsky & Whitehead* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

Appellants, Marion F. Morris and Rosetta B. Morris, his wife, (Morris) appeal a Wicomico County jury verdict which determined appellee, James Arthur Christopher (Christopher), to be their employee for Workmen's Compensation purposes. They claim the trial judge erred in his instructions to the jury. We shall affirm the action of the trial court.

Morris has a business at Fruitland in Wicomico County variously described as a "junk yard", "used car lot" and "used car parts" business. On May 9, 1967, Mr. Morris and another individual were burning out an automobile preparatory to cutting it up for scrap metal. While the automobile was being burned out, a gasoline tank exploded. This caused the drive shaft to break loose and strike Christopher in the left leg. He ultimately lost the leg as the result of the injury.

Christopher filed a claim with the Workmen's Compensation Commission claiming that he was an employee of Morris and entitled to compensation under the Workmen's Compensation Act. He was found to be an employee and awarded compensation. Morris entered an appeal to the Circuit Court for Wicomico County. The issues submitted to the jury in that court were:

> "1. Was the Claimant, James Arthur Christopher an Employee of Marion F. Morris and/or Rosetta B. Morris, on May 9, 1967 within the meaning of the Workmen's Compensation Act?
> "Yes—
> "No—

"2. What was the average weekly wage of the Claimant, James Arthur Christopher, at the time of his accidental injury on May 9, 1967? $          "

The jury answered "yes as to both" to the first issue and "$50.00" as to the second issue.

There was sharp conflict of testimony. There was no question but what Christopher had done some work for Morris. Christopher claimed that when he went to work he talked to both Mr. and Mrs. Morris, that it was agreed that he was to be paid $40.00 each week, and that Mr. Morris took him to and from work and then, after about a year, Morris began furnishing him with an automobile to go to and from work. Mrs. Morris when asked whether she heard his testimony that she employed him to go to work at the junk yard said, "I have never asked that boy in my life to come up there to work. Never. That's God's truth." Mr. Morris said that when Christopher did any work Mr. Morris paid him at the end of the day. He claimed that on the day in question Christopher was "just hanging around", that he was not on the payroll the day he was hurt, and that the last work for which he was paid had been about a week before when Christopher rode to Easton with Mr. Morris to bring back a car.

The defense of Morris was that Christopher was a "casual employee" not covered by the Workmen's Compensation Act.

Morris presents three questions to us relative to the trial judge's instruction to the jury, namely, (1) "Did the Court err in instructing the jury that the first issue in the case was whether Claimant was 'an employee' of Marion F. and/or Rosetta B. Morris when the defense raised was that Christopher was a 'casual employee'?"; (2) "Did the Court err in instructing the Jury that:

'If you find from the evidence that Marion F. Morris and Rosetta B. Morris had the right to control and direct the Claimant in the per-

formance of his work and in the manner in which the work was to be done, then Christopher was an employee within the meaning of the Workmen's Compensation Act.'?"

and (3) "Did the Court err in instructing the Jury that the party appealing from a decision of the Workmen's Compensation Commission had '. . . to show by a preponderance of the evidence that the decision of the Commission is incorrect . . .'?".

## I

The first contention of Morris must fail under the authority of *Arundel Corp. v. Plater*, 236 Md. 322, 203 A. 2d 895 (1964), where Judge Oppenheimer said for the Court:

> "The right of appeal to the court by any party from a decision of the Commission includes the right of either party, upon notice, to have submitted to a jury any issue of fact involved in the case. § 56, Article 101. In these appeals, the submission of issues, as in cases sent from the Orphans' Court or from courts of equity, has been approved by this Court as an appropriate method of enabling the court to apply the law to the facts after they are found by the jury. *Richardson v. Home Mutual Life Ins. Co.*, 235 Md. 254, 257, 201 A. 2d 340 (1964). *Schiller v. B. & O. R. R. Co.*, 137 Md. 235, 242, 243, 112 Atl. 272 (1920). As in passing upon requested instructions to the jury, the trial court may adopt, reject or modify suggested issues and give its own verbal instructions, if the law involved is fairly covered. Maryland Rule 554 a, b and c; *Beth. Shipyard v. Scherpenisse*, 187 Md. 375, 381, 382, 50 A. 2d 256 (1946). In this case, the issue submitted to the jury, as explained by the Judge in his instructions, fully and fairly covered the law under

which the facts were to be determined." *Id.* at 327-28.

The contentions of Morris that Christopher was a casual employee were in no way barred by th issue as submitted.

## II

Morris contends that the trial judge's instruction relative to the right to control and direct Christopher as a test of whether he was or was not covered under the statute is an improper test in the light of the Morris contention that Christopher was a casual employee. The casual employee concept was fully reviewed in opinions by Judge Oppenheimer for this Court in *Lupton v. McDonald*, 241 Md. 446, 217 A. 2d 262 (1966), and *Clayburn v. Soueid*, 239 Md. 331, 211 A. 2d 728 (1965). Had it been established to the satisfaction of the jury that Christopher was a casual employee, then he would not have been an employee under the terms of the Workmen's Compensation Act. Morris overlooks the fact that in order for Christopher to prevail it was necessary that it be established that he was an employee within the meaning of the statute and that Mrs. Morris had testified that she had never asked Christopher to do any work despite his testimony that he had talked to her when he was hired. The test enunciated by the trial judge in his instructions would have been one test in determining whether Christopher was an employee. Assuming, however, *arguendo,* that the trial judge supplied an erroneous test, we are faced with the fact that after counsel for Morris had objected to this instruction, the trial judge said:

"Ladies and gentlemen of the jury, as a further instruction requested, as I told you in my original instruction, the defense in this case is that this particular claimant, James Arthur Christopher, was a casual employee, and I will tell you again—there is no criteria set up by the Workmen's Compensation Act itself by

which you determine a casual employee. That is for you to decide.

"If you find him to be a casual employee, then so state. And if you find him to be a casual employee, then under no circumstance is he to be considered as covered by the Workmen's Compensation Act.

"If you further find him to be a casual employee, then your answer to Question No. 1 will be just plain 'No.' "

This was after an earlier instruction which said:

"The defense in this case is that he was a casual employee. There was a different finding by the Workmen's Compensation Commission in that they found him to be an employee within the meaning of the Workmen's Compensation Commission Act.

"The finding of the Commission carries with it the presumption of correctness, and the burden of proof is upon the Appellants to prove that the decision of the Commission was incorrect or improper.

"The term 'casual employee' used as in the Compensation Act does not protect a casual employee; and the term 'casual employee'—whether or not an employee is regular or casual is not defined, but must be determined in accordance with the facts of the particular case."

Accordingly, we regard the matter as controlled by *Simco Sales v. Schweigman*, 237 Md. 180, 205 A. 2d 245 (1964), where this Court said:

"The appellants assign as further error the fact that the court, in reviewing the testimony in its charge, erroneously stated that the appellee's testimony as to his speed was corroborated by a witness. Upon exception, the court in a supplemental charge properly repeated and

emphasized its previous admonition to the jury that the court's comments on the facts were in no way binding upon the jury and that its recollection of the facts was controlling. We think the supplemental charge cured any error and that no prejudice resulted. *Mezzanotte Const. Co. v. Gibons*, 219 Md. 178, 148 A. 2d 399 (1959)." *Id.* at 188.

The charge to the jury must be considered as a whole and the Court will not condemn a charge because of the way in which it is expressed or because an isolated part of it does not seem to do justice to one side or the other. *Nora Cloney & Co. v. Pistorio*, 251 Md. 511, 248 A. 2d 94 (1968) ; *Atran v. Furness*, 251 Md. 216, 246 A. 2d 767 (1968) ; *Krieger v. Mayor and City Council*, 234 Md. 382, 385, 199 A. 2d 363 (1964) ; *Wilhelm v. State Traffic Safety Commission*, 230 Md. 91, 102, 185 A. 2d 715 (1962) ; *Lloyd v. Yellow Cab Company*, 220 Md. 488, 495, 154 A. 2d 906 (1959). We see no prejudicial error, if there were any errors.

### III

Morris points out that Code (1964 Repl. Vol.) Art. 101, § 56 (c) provides in pertinent part:

> "[T]he decision of the Commission shall be prima facie correct and the burden of proof shall be upon the party attacking the same."

and takes issue with the trial judge's instructions that the party appealing had "* * * to show by a preponderance of the evidence that the decision of the Commission is incorrect." They contend that this instruction gave the Commission's decision a greater weight than the statutes and the decisions of this Court intend that it should have.

We are here engaged in a question of semantics. In *Stewart & Co. v. Howell*, 136 Md. 423, 110 A. 899 (1920), Judge Adkins discussed this statute stating:

> "As we understand Section 56 of the Workmen's Compensation Law (Code, Art. 101, Sec.

56), it does not mean that there must be additional testimony offered on appeal from the Commission; or that even as much testimony need be offered by the party taking the appeal as he produced before the Commission in order to discharge the burden put upon him by that section. But it simply puts the burden of proof upon the party taking the appeal, whether he be plaintiff or defendant. In other words it establishes no new rule when the plaintiff happens to be the party appealing, as the burden was always upon the plaintiff to prove his case. But it shifts the burden from the plaintiff to the defendant where the defendant loses before the Commission and desires to appeal from its decision, requiring the defendant in such a case to satisfy the jury by a preponderance of testimony that the plaintiff is not entitled to the award made by the Commission." *Id.* at 433-34.

In *Merrick v. United Rwys. Co.*, 163 Md. 641, 163 A. 816 (1933), Chief Judge Bond said for the Court:

"In another instruction the burden upon the plaintiff was stated to be that of establishing by a preponderance of proof that he received in the accident the injuries he complains of, and it is objected that a preponderance of the evidence is all that can legally be required. We do not see any material difference between evidence and proof for the purposes of the instruction; the jury would not mistake the requirement under either phrasing." *Id.* at 646.

In the day when we had prayers and strict rules relative to prayers this Court in *Ohlendorf v. Kanne*, 66 Md. 495, 8 A. 351 (1887), considered a defendant's second prayer which was:

"That the burden of establishing the contract set up by the plaintiff in this case by a prepon-

derance of testimony satisfactory to them, is upon the plaintiff, and that if the testimony in this case should be such as to leave the minds of the jury in a state of equipoise, as to the making of said contract, their verdict should then be for the defendant." *Id.* at 498.

and said:

"[T]he burden of proof was upon the appellee to establish the agreement by a preponderance of testimony, or, in other words, to prove it by evidence satisfactory to the jury. *The appellant's second prayer to this effect, announces an elementary principle everywhere recognized, and should have been granted." Id.* at 500. (emphasis added)

In *Blake Construction v. Wells,* 245 Md. 282, 225 A. 2d 857 (1967), Judge McWilliams said for this Court:

"The decision of the Commission is, of course, prima facie correct and the burden of proof is upon the party attacking the same. Code, Art. 101, § 56 (c). This means nothing more than that, if the mind of the trier of facts is in equal balance on the evidence in the record, the finding of the Commission should be affirmed. *Greenwalt v. Brauns Bldg. Specialties Corp.,* 203 Md. 313, 318, 100 A. 2d 804 (1953)." *Id.* at 286-87.

In this case Judge Travers as a part of his instruction to the jury, after speaking of "preponderance of the evidence", said:

"If you believe from the evidence that the Claimant, James Arthur Christopher, was an employee of the Morrises, or if it leaves your minds in a state of even balance as to whether or not he was an employee as to both, your answer to the first issue, No. 1, shall be 'yes,' affirming the Commission's Order.

"If you find the work Christopher was doing was essential to his employer's business and was a usual concomitant and necessary part thereof, and performed whenever requested by the employer, then the claimant was a regular employee and not a casual employee; the failure of the employer to keep normal payroll records and make deductions from the employee's wages is of no relevance to you."

The instruction must be considered as a whole. We find no error.

*Judgment affirmed; appellants to pay the costs.*