## M. D. THOMPSON & SON COMPANY
### ET AL *v.* ROBERT L. McCUAN

73-188                                    502 S.W. 2d 93

Opinion delivered December 17, 1973

*Riddick Riffel,* for appellants.

*Hodges, Hodges & Hodges,* by: *David Hodges,* for appellee.

CONLEY BYRD, Justice. The Workmen's Compensation Commission awarded total disability benefits to appellee Robert L. McCuan. The circuit court affirmed the order of the Commission and appellants, M. D. Thompson and Son Company, et al, appeal contending that there is no substantial evidence to support the Commission's findings.

It is not disputed that Mr. McCuan was injured in the course of his employment nor that he has suffered some disability. Appellant's real contention seems to be that if Mr. McCuan is totally disabled, the greater part thereof is due to his age instead of his injury.

The record shows that Mr. McCuan at the time of injury was drawing Social Security and that he attempted to keep his earnings within the prescribed limits for drawing the maximum available benefits. He was injured when a tree fell on him. One medical doctor placed his permanent functional disability at 20%, another at 33 1/3%. One of the doctors testified that when Mr. McCuan's age, educational background and spinal fracture

were considered, one would not reasonably expect Mr. McCuan to go back to the work he was doing in a regular and unrestricted capacity at any time in the future.

Appellee testified that he was 68 years of age. He had a little schooling when he was a boy—maybe the third grade. He farmed with mules until 1949 and then with a one row tractor until '63. His work outside of his own farming or as a farm hand consisted of manual labor such as logging. Prior to the injury he had done any kind of manual labor he wanted to do. After the injury he was unable to help the wife with the house work. He could not walk a quarter of a mile without stopping to rest.

Other witnesses corroborated Mr. McCuan's testimony that he was an able-bodied laborer before the injury and unable to do manual labor thereafter.

Mr. Leon Underwood with the Arkansas Rehabilitation Services testified that rehabilitation could provide no beneficial services to Mr. McCuan in view of his age and education.

Thus, from the foregoing, one can readily observe that there was ample evidence to show that Mr. McCuan was an able-bodied, manual worker prior to his injury and that thereafter he was unable to perform any remunerative services. As pointed out in *Furlong* v. *Northwestern Casket Co.,* 190 Minn. 552, 252 N.W. 656 (1934), the fact that an employee is of failing physical powers and will probably be incapacitated for work in a few years as a result of such weakness does not bar the employee from Workmen's Compensation benefits if his incapacity to work is the result of his injuries. We cannot here say that there is no substantial evidence to support the Commission's finding that the injury created the disability. See also *Meadowlake Nursing Home* v. *Sullivan,* 253 Ark. 403, 486 S.W. 2d 82 (1972).

Affirmed.

HARRIS, C.J., not participating.