## BEAULIEU'S CASE.

Aroostook.    Opinion October 8, 1924.

*That Section 36 of the Workmen's Compensation Act does not apply to agreements in which the period of compensation is not definitely limited, that is "an open end agreement," again affirmed with emphasis. Whether the claimant has unreasonably refused to submit to proper surgical treatment is a question of fact, and the finding thereon by the Chairman, if supported by rational and natural inferences from facts and circumstances proved, is final.*

In this case the Chairman found "as a matter of fact" that claimant had not unreasonably refused to submit to proper surgical treatment, and the record justifies the finding.

On appeal. Compensation was paid to claimant under an agreement between the parties, duly approved by the Labor Commissioner, which was to continue during disability, the expiration not being fixed. On September 7, 1923, the respondent filed a petition asking that the compensation be stopped on the ground that claimant refused to submit to proper surgical treatment offered him by the respondent. The petition was denied and an appeal taken from a decree affirming the finding of the Chairman. Appeal dismissed with costs for claimant. Decree affirmed.

The case is sufficiently stated in the opinion.

*Jasper H. Hone,* for claimant.

*Robert Payson,* for respondents.

SITTING:   CORNISH, C. J., PHILBROOK, DUNN, MORRILL, DEASY, JJ.

PHILBROOK, J.   This is an appeal from a decree of a sitting Justice affirming a decision of the Chairman of the Industrial Accident Commission, denying the petition of the insurance carrier to end compensation, and further ordering compensation continued according to the terms of the agreement between the parties which was duly approved by the Commissioner of Labor, and further ordering pay-

ments to commence from the date of the last payment of compensation, the same to continue according to the provisions of the Workmen's Compensation Act.

The agreement above referred to, provided that compensation was to be paid during disability, beginning May 26, 1922. The date of expiration was not fixed, except, of course, as it would be so done by statutory limitation. The agreement is like that referred to in *Milton's Case*, 122 Maine, 437, as one "where the period of compensation is not determined" or in *Wallace's Case*, 123 Maine, 517, as "an open end agreement." We deem it proper, therefore, to again affirm, and with emphasis, that the provisions of Section 36 of the Compensation Act, prescribing a petition for review of decrees and agreements, do not apply to agreements in which the period of compensation is not definitely limited. *Milton's Case*, supra; *Wallace's Case*, supra.

Passing over the confusion which might arise merely from the title of the present proceeding, "petition for review of agreement or decree," and like expression in the title used by the Chairman of the Industrial Accident Commsision in his finding, we learn that the gravamen of the insurance carrier's petition is "that since said agreement was made the injury for which the employee was compensated ended, inasmuch as claimant has persistently refused, and still refuses, to submit to proper surgical attention offered him by said respondents." (The insurance carrier).

As stated in its brief, the insurance carrier takes the position that compensation claimants, to preserve their rights thereto, must submit to any reasonable and proper treatment offered them, and surely so if said treatment does not entail undue danger to life or extraordinary suffering. There is no direct provision in our compensation act which sustains this position. The insurance carrier, however, depends upon decisions of courts of last resort in other jurisdictions to support its position. Without doubt, the overwhelming weight of authority holds that a man cannot continue to receive compensation and at the same time refuse to submit to proper medical or surgical treatment such as an ordinarily reasonable man would submit to in like circumstances. *Schiller* v. *B. & O. R. Co.*, 112 Atl., 272, and cases there cited.

But in proceedings under the English Compensation Act it has been held that whether or not a workman is unreasonable in refusing to have an operation performed is a question of fact with which an

appellate court will not interfere where the doctors are not wholly agreed as to the advisability of the operation. *Ruabon Coal Co.* v. *Thomas,* 3 B. W., Comp. Cas., 32.

In the case at bar the Chairman of the Commission found "as a matter of fact" that Beaulieu had not unreasonably refused to submit to proper surgical treatment. Careful examination of the record fully justifies the finding. The doctors and surgeons who testified are at variance as to the exact nature of the treatment which should be tried, and all practically admit that any operation would be followed by great pain and inconvenience and that the results of any treatment would be uncertain as to permanently successful results.

> *Appeal dismissed with
> costs for Beaulieu.
> Decree affirmed.*