William STRATAKOS

v.

WRIGHT, PIERCE, BARNES AND WY-
MAN and Travelers Insur-
ance Company.

Supreme Judicial Court of Maine.

Jan. 13, 1971.

Jack H. Simmons, Lewiston, for plaintiff.

Lawrence P. Mahoney, Portland, for defendants.

Before DUFRESNE, C. J., and WEB-
BER, WEATHERBEE, and POMEROY,
JJ.

MARDEN, J., sat at argument but re-
tired before the adoption of this opinion.

WEATHERBEE, Justice.

Petitioner, while employed as a chainman
on a surveying crew, suffered two falls in
1967 and 1968 which resulted in an injury
to his knee which is permanently disabling
unless corrected by surgery. This appeal
presents the validity of the finding of the

Industrial Accident Commission that compensation should cease because of the Petitioner's refusal to submit to surgery. We hold that the reasonableness of the acceptance of surgery was not yet before the Commission.

The Respondent had denied Petitioner's allegations that he had received a personal injury by accident growing out of his employment. Hearing was had before a Commissioner. Petitioner's testimony and that of his doctor, an orthopedic surgeon, established the existence of an incapacitating injury growing out of his employment. The doctor testified that the cause of the disability appeared to be a torn cartilage. It was his opinion that the incapacity would be permanent unless corrected by surgery. He advised surgery, which he described as major surgery with an extremely painful postoperative procedure, but he said the expectation of success would be excellent. Petitioner has not had the surgery.

The Commission then issued its decree finding that Petitioner had suffered a compensable injury but that "on the evidence as it now stands" it would be a reasonable course for him to submit to the corrective surgery. It ordered compensation (based on an average wage to be agreed upon by the parties), to terminate at the end of 60 days "without prejudice to the right of the employee to offer evidence on the issue of whether it would be unreasonable for him to submit to an operation as described by Dr. Beegel."

Petitioner then, at a later hearing, gave further testimony in which he refused to submit to surgery describing himself as a particularly nervous person, living in a state of constant anxiety and terrified at the prospects of surgery.

The Commission then ordered Petitioner examined by an impartial psychiatrist who reported that Petitioner suffered serious personality defects among the manifestations of which were "a vast preoccupation with his body integrity which is about the only thing he feels confident of,

and without which he feels totally lost" and that he felt that even if Petitioner was assured of improvement he would not submit to surgery.

The Commission entered a decree finding the proposed operative procedure was not unreasonable and that the Petitioner's attitude was unreasonable. It ordered the compensation to cease. A pro forma decree issued from the Superior Court and Petitioner appealed.

We are troubled by the procedural aspects of the Commission's action.

This Court has only once before reviewed a decree of the Industrial Accident Commission involving a refusal of an employee to submit to surgery as a condition precedent to continuation of compensation. Beaulieu's Case, 124 Me. 83, 126 A. 376 (1924). There the issue was presented by a petition brought by the Respondent to review an earlier agreement for compensation which had had the Commission's approval. The employee had refused to undergo surgery and the Commissioner had declined to terminate his compensation finding that the employee's refusal was not unreasonable. The Court held that although there was no direct provision in the Workmen's Compensation Act authorizing the Commission to terminate compensation upon an unreasonable refusal of the employee to submit to proper surgical treatment, overwhelming judicial precedent supported the Respondent's contention that the Commission implicitly has such a power. In 1929 the Legislature revised the Act and added a new paragraph which, as 39 M.R. S.A. § 65 read, until 1965:

"If an employee refuses or neglects to submit himself to any reasonable examination provided for in this Act, or in any way obstructs any such examination, *or if he declines proper medical, surgical treatment or vocational rehabilitation offered by the employer, upon petition of said employer such employee's rights to compensation shall be suspended, and his compensation during such period*

*of suspension shall be forfeited."* (Emphasis supplied.)

P.L.1965, chap. 408, § 8 replaced the italicized words with the following:

"or if he declines a service which the employer is required to provide under this Act, then, upon petition of said employer and hearing before the commission, such employee's rights to compensation shall be forfeited during the period of said infractions if the commission finds that there is adequate cause to do so."

Among the services to which the injured employee is entitled under the Act are "reasonable and proper medical, surgical and hospital services". 39 M.R.S.A. § 52.

■ We construe these statutory enactments to indicate the Legislature's purpose to limit the Commission's power to deny compensation for refusal to undergo surgical treatment to actions taken on petitions brought by the employer after the employee's right to compensation has been established.

■ The circumstances of the present case would seem to illustrate sound policy considerations for this procedural requirement. The sole issues raised by Petitioner's petition and Respondent's answer of denial were the occurrence of an industrial accident, the existence of a compensable injury and the extent of benefits. As to these issues, Petitioner had the burden of proof.

■ Once these issues have been determined in Petitioner's favor the claim of Respondent that there is available corrective surgery to which Petitioner unreasonably refuses to submit is in the nature of an affirmative defense as to which Respondent has the burden of proof. The Legislature has concluded that this issue should be presented only on petition of the employer.

■ The issue of unreasonableness of refusal of surgery was not properly before the Commissioner and his decrees of August 5, 1969 and February 6, 1970 are in error in so far as they purported to limit Petitioner's compensation to 60 days.

Appeal sustained. Decree reversed to that extent. Remanded for alteration of decree of February 6, 1970 in accord with this opinion. The employer is ordered to pay to the employee to cover fees and expenses of counsel the sum of $350.00 plus cost of the record.

MARDEN, J., sat at argument but retired before the adoption of this opinion.